VANDERBILT UNIVERSITY *v.* ROBERT LEE MITCHELL *et al.*

*(Nashville,* December Term, 1930.)

Opinion filed March 14, 1931.

Stokes & Stokes, for complainant, appellee.

Carmack Cochran and R. C. Boyce, for defendants, appellants.

Mr. Justice Swiggart delivered the opinion of the Court.

Thomas E. Mitchell, a resident of the State of Georgia, died testate in 1925. By the tenth item of his will he gave to Vanderbilt University, as trustee, property aggregating in value the sum of $125,000, with directions for the application by the trustee of the income.

The bill in the present action was filed by the trustee in the Chancery Court of Davidson County, seeking a construction of the terms of the trust and a decree approving a proposed deviation from the express directions of its creator, with regard to the investment of the principal and the use of the income. The original bill was filed *ex parte,* and the chancellor designated a learned member of the bar as *amicus curiae,* requesting brief and argument from him. Subsequently, by amended and supplemental bill certain of the heirs at law and next of kin of the testator were made defendants, "in their own right and as the representatives of a large class of other parties who are next of kin of the said decedent, Thomas E. Mitchell." They demurred to the bill of the trustee, and have appealed from the decree of the chancellor overruling certain grounds of their demurrer.

The Attorney-General for Davidson County should have been made a party defendant to the suit of the trustee, as the statutory representative of the beneficiaries of the trust. *Nolfe* v. *Byrne,* 142 Tenn., 309. And it may be doubted whether the heirs at law of the testator have such interest in the controversy that they are entitled to prosecute the appeal. *Harmon* v. *Harmon,* 141 Tenn., 64; Perry on Trusts (6 Ed.), sec. 744. However, since these points have not been raised by counsel, we have given consideration to the questions presented by the assignment of error.

The chancellor sustained the demurrer of the heirs at law to that part of the bill which sought authority to invest the *corpus* of the trust fund in securities other than those specified in section B of item 10 of the will, and from this the trustee does not appeal.

The will specifies as beneficiaries of the trust "poor, worthy and deserving students, who may be *bona-fide* residents of Georgia." The chancellor decreed that any surplus income from the trust funds may be employed in extending the benefits of the trust to similar classes of students from other states. To reverse this decree the appeal is prosecuted.

Item 10 of the will is as follows:

"Item 10. All the rest and residue of my estate of every kind, character and description, whether real or personal property, including all remainders, reversions and lapsed legacies, I direct that my Executor hereinafter named, shall divide, as far as may be practical, into as nearly two equals parts as possible.

"(A) One of such parts I give, bequeath and devise in trust to the Trustees of the University of Georgia, in trust to use the net income, issues and profits derived therefrom, according to the best judgment of the Trustees of the University of Georgia, to assist poor, worthy and deserving students, who may be *bona-fide* residents of Georgia, in obtaining an education at the University of Georgia, at Athens, or at one of its branches, to-wit, the Georgia School of Technology at Atlanta, Georgia, the State Normal School, at Athens, Georgia, and the State College for Women at Milledgeville, Georgia, and in paying the expenses of said students while obtaining such education at the University of Georgia, or at any one of its mentioned branches. . . .

"(B) The other of such parts I give, bequeath and devise in trust to Vanderbilt University at Nashville, Tennessee, in trust to use the net income, issues and profits derived therefrom, according to the best judgment of the Trustees or other managing Board of said

Vanderbilt University, to assist poor, worthy and deserving students, who may be *bona-fide* residents of Georgia, in obtaining an education at Vanderbilt University, and in paying their expenses while obtaining such education at Vanderbilt University. The *corpus* of said trust fund bequeathed to Vanderbilt University shall, whenever changed from the original securities in which invested and delivered to said Vanderbilt University by my Executor, be invested in bonds of the State of Tennessee or any subdivision thereof, or in bonds of the State of Georgia or any subdivision thereof, or in bonds of the United States. It is my desire, without in any way making my wish obligatory upon Vanderbilt University, that students residents of Columbus, Georgia, shall have the preference in the use of said trust fund, and next thereafter students resident of the section of Georgia in which Columbus is located, and lastly, students resident of other parts of Georgia. And it is further my desire that said Vanderbilt University lend the income of said trust fund to worthy students, and take from them interest-bearing notes, payable on easy terms, since, in my opinion, such a method of assisting students by loans is better adapted to the formation of character than to make absolute gifts to such students. Whenever Vanderbilt University may lend the income of the trust to worthy students, the interest and income of such loans shall be added to, and become a part of, the *corpus* of the trust. It is my will that the fund and property herein bequeathed to Vanderbilt University shall be known as the Thomas E. Mitchell Educational Fund of Vanderbilt University.''

Provisions omitted from paragraph ''A'' in the foregoing quotation of item 10 are identical with the quoted

provisions of paragraph "B," from the sentence beginning "The *corpus* of said trust fund," to the end of the quotation.

It appears from the bill of the trustee that the testator was reared a resident of Tennessee, attended Vanderbilt University at Nashville, and after his graduation removed to Columbus, Georgia, a "man of learning and ability," retaining a personal interest in the University from which he was graduated.

At the date the bill was filed the fund had been in the hands of the trustee only three years, during which it earned an income of $26,469.05. Of this amount the trustee had been able to lend to the class of beneficiaries specified in the will only $2,239.60, to four students, leaving a balance of accumulated income of $24,229.45.

The trustee, by circular mailed to former students of Vanderbilt University residing in Georgia and to high schools located in that State, has offered to lend the income from the fund to Georgia students, taking from them notes bearing interest at five *per centum,* payable in two years, and renewable.

Reasons for the inability of the trustee to induce Georgia students to accept the offers made, as pleaded in the bill, are summarized on the brief of counsel as follows:

"(a) The similar bequest to the University of Georgia made by Sec. A of Item 10 of the will.

"(b) Tuition at the University of Georgia is little more than one-half of the tuition at Vanderbilt, and the living expenses there are also much less, 'and that in consequence thereof the complainant institution has never had a large student body from the State of Georgia'—the attendance of Georgia students in all de-

partments last year being only 38, as against 850 from Tennessee; and that "this disparity in numbers is natural and is evidence of the well-known fact that all college attendance throughout the United States conforms to State lines.'

"(c) That since by the literal terms of the bequest the income is to be used only for 'poor, worthy and deserving students,' no students, however worthy or deserving, could avail themselves of its provisions unless they happened to be poor; and poor students, for the reasons already stated, would go to the University of Georgia rather than to Vanderbilt."

■ The direction of the will is that the trustee shall use the "net income, issues and profits" of the trust *"according to the best judgment"* of the trustee, "to assist poor, worthy and deserving students, who may be *bona-fide* residents of Georgia, in obtaining an education at Vanderbilt University, and in paying their expenses while obtaining such education at Vanderbilt University." The purposes of the trust and the objects of the benefaction are stated in this first sentence in paragraph "B." It is not ambiguous and is not subject to construction. The trustee is to use the income from the trust in any way it may deem wise to assist Georgia students who are poor, worthy and deserving. No other class of students is contemplated or included.

■ In a subsequent sentence the testator states his "desire" that the income be loaned and not given to the beneficiaries. His reason for this desire being stated as that absolute gifts are not adapted to the formation of character. Obviously this provision of the will is subordinate to the principal direction that the trustee shall

use the income for the designated purpose "according to the best judgment of the" Trustees of the University.

The expression of the testator's desire that the income be loaned and not given to students is, in form, precatory and not mandatory. If it is necessary to give all or a portion of the income to Georgia students to enable them to enjoy the benefaction intended for them, we think it clear that the Trustees of the University are empowered by the will to do so. "It is the intention of the testator which is to be sought after, and the real question in all cases of precatory words in a will is, whether the wish, or desire or recommendation, expressed by the testator, is meant to govern the conduct of the party to whom it is addressed, or whether it is merely an indication of that which he thinks would be a reasonable exercise of discretion of the party, leaving it, however, to the party to exercise his own discretion." *Anderson* v. *Hammond*, 70 Tenn., 281.

The discretion thus conferred upon the trustee, to lend or give the income, will not be controlled by the courts. However, it is proper to consider the fact that the trustee has such discretion, in determining whether a state of facts exists which makes it impossible to execute the trust within the strict limitations of the will creating it.

It may be assumed from the facts stated in the bill that the testator believed Vanderbilt University to offer advantages and opportunities, which he desired to make available to worthy students of the State in which he himself had prospered. There is nothing to suggest that he knew the expense of a student there would so greatly exceed the expense at the state universities, that one of his primary purposes would be defeated. His reason for desiring that students be granted loans instead of

gifts was not that the *corpus* of the fund should be enhanced, but was his expressed belief that loans were better adapted to the formation of character than gifts.

. ▇ In the circumstances stated, we think the trustee would clearly be justified in making the cost to the student at Vanderbilt as low as in the universities of the State of Georgia, by paying a portion or all of the fees of the University for him, and, in addition, making such loans to him as the trustee may deem proper. In so doing, every intent and purpose of the testator would be observed, and the student beneficiary at Vanderbilt would be required to carry as great a burden as the student at Georgia, if that result is deemed desirable by the trustee. And if because of its location outside the State of Georgia it is found necessary or expedient to make the cost to student beneficiaries lower at Vanderbilt than in the Georgia universities, we have no doubt of the authority of the trustee to do so by using the trust income for the purpose; using either the income of the current year, or the accumulated income of previous years.

▇ Entertaining these views of the discretion vested in the trustee with reference to the application and use of the trust income, in carrying out the primary purpose of assisting Georgia students at Vanderbilt, we are of opinion that the facts pleaded would not justify the extension of the trust to the assistance of students from other states; and we, therefore, find it unnecessary to consider the question of law, ably discussed by the learned chancellor and on the briefs of counsel, whether a court of equity in this State could authorize such an extension of the trust, upon adequate proof that the income cannot be wholly applied as directed by the will. Until the full discretion of the trustee is exercised and

is found unavailing, the requisite proof of inability to execute the trust according to its terms is lacking.

We hold, therefore, that the chancellor should have sustained the fifth ground of the demurrer of the defendants, which is that the bill makes no sufficient showing that the plan or scheme of the testator cannot be executed. It will be so decreed here.

Motion is made that the court allow additional fees to counsel for the trustee, and to the *amicus curiae*, for their services in this court, and this will be done. An additional fee of $1,000 is allowed the counsel for the trustee, and $500 to the *amicus curiae*.

The chancellor allowed a fee of $500 to counsel for defendants, his decree reciting that counsel for the trustee consented to the allowance of such a fee. Counsel for defendants ask for an additional fee in this court, and this is allowed in the sum of $1500. We think the allowance of this fee, as well as the fees to counsel for the trustee, is authorized to be taxed as a part of the costs and to be paid from the accumulated income from the trust fund. The services of all counsel have contributed to the preservation and proper execution of the trust. "It is a doctrine of right that a trust fund should bear the expenses of its own administration." *City of St. Louis* v. *McAlister*, 302 Mo., 152, 257 S. W., 425; Perry on Trusts (6 Ed.), sec. 747; *Attorney-General* v. *Moore's Executor*, 19 N. J. Eq., 503; *Woman's Union Missionary Society* v. *Mead*, 131 Ill., 338, 23 N. E., 603; *Smith* v. *Haire*, 138 Tenn., 255. The costs of the cause will be paid by the trustee.