GEORGE F. SHOFNER et al. v. MRS. MOLLIE RAMSEY PORTER et al.

Middle Section. July 16, 1932.

Petition for Certiorari denied by Supreme Court, January 21, 1933.

E. C. Parker and W. P. Cooper, both of Shelbyville, solicitors for George F. Shofner.

J. Connie Covington, of Nashville, solicitor for W. E. Porter, Jno. P. Porter and Minnie Porter.

R. C. Armstrong, of Lewisburg, solicitor for E. M. Armstrong, former Clerk and Master, and Leslie Marshall, the present Clerk and Master.

T. L. Coleman, of Lewisburg, guardian ad litem for John S. Porter.

DeWITT, J. The issues here presented for determination relate to a fund held in trust by George F. Shofner for the support and maintenance of John S. Porter, a person mentally incompetent to manage his own affairs, and who was the brother of the deceased wife of the said Shofner. On February 13, 1917, George F. Shofner was appointed by the Chancery Court of Marshall County as guardian or trustee of John S. Porter and he gave bond in the sum of $12,000. By said decree the Clerk and Master was ordered to pay over to said Shofner as guardian and trustee one-third of the net proceeds of the sale of a farm of 434 acres, to be set aside as the interest or share of John Porter, Jr., for his use and benefit, the corpus of said fund then remaining to be held in trust for him and at his death to descend to the minor defendants in this cause, to-wit, Minnie Porter, John P. Porter and William E. Porter. The decree also directed that the Clerk and Master pay ''to George F. Shofner, out of the one-third interest or share of John Porter, Jr., the sum of $150, being the amount due for one year's support of said John Porter, Jr., all of which is agreed to by the parties in the compromise decree heretofore entered.''

The bill in that cause, in which the land was sold, was filed by George F. Shofner and his wife in 1916 to set aside a certain deed to said land, executed by John Porter, Sr., on September 27, 1904, conveying the same to his son, William S. Porter and his wife, Mrs. Mollie Ramsey Porter for life, and at their death to the children of William S. Porter. William S. Porter and John Porter, Jr., were sons, and Mrs. Shofner was the daughter of said John Porter, Sr. The deed contained the following provisions, after reserving a life estate in the grantor:

''The consideration for this conveyance is, that at my death the said William S. Porter and wife, Mollie Ramsey Porter are to pay to my daughter, Mrs. Mary Porter Shofner the sum of twenty-five hundred dollars and said amount shall be and remain

a lien on said land until same shall be paid. And as a further consideration the said William S. Porter, his wife Mollie Ramsey Porter and the children of the said William S. Porter from and after my death are to support and care for my son John S. Porter during his life, and the said support of John S. Porter shall be and remain a charge on said land for and during the life of said John S. Porter, but if the said William S. Porter, his wife Mollie Ramsey Porter and the children of the said William S. Porter shall die before John S. Porter or shall fail to support and care for him, the annual charge on said land for the support of John S. Porter is not to exceed the sum of one hundred. and fifty dollars. In selling my real estate I make this provision for my son John because he is mentally incapacitated.''

In said cause instituted by Mr. and Mrs. Shofner a compromise decree was entered, under which the said sale of the land was made. In said decree it was provided that the proceeds of sale after the payment of the costs and attorney's fees, and certain other expenses, be paid over as follows: two-thirds to Mrs. Mollie Ramsey Porter in trust for her use and benefit for her life and at her death to the bodily heirs of William S. Porter; and the remaining one-third to the guardian of John Porter, Jr. (or John S. Porter as his name sometimes appears) as heretofore recited—the decree providing that the guardian should be entitled to the interest on said fund during the life of John Porter, Jr., but that the corpus of said fund should not be encroached upon other than thereinbefore provided, and that at his death said fund revert to the bodily heirs of William S. Porter. These bodily heirs of William S. Porter are William Edward Porter, John P. Porter and Minnie Porter, all of whom are of lawful age, but they were minors at the time said compromise decree was entered into. They were represented in said cause by a guardian ad litem but a question arose as to the power of the guardian ad litem to consent to said decree of compromise; and a bill was afterward filed by Mrs. Mollie Ramsey Porter and others to ratify and confirm the same, and it proceeded to a final decree, completely ratifying and confirming the sale and all other proceedings in said former cause. George F. Shofner, upon his appointment as guardian and trustee, took charge of the person of John Porter, Jr., and maintained him at his home on a farm until sometime in the year 1931, when upon his application Mr. Shofner was relieved of said guardianship and trusteeship. This was done under a pleading filed by Mr. Shofner as guardian or trustee, as an original bill, on February 15, 1931, against John Porter as a person of unsound mind, and the aforesaid three children and heirs of William S. Porter, deceased. By decree this bill was treated as a petition in the former cause of Mr. and

Mrs. George F. Shofner v. Mrs. Mollie Ramsey Porter et al., in which Mr. Shofner had been appointed as guardian or trustee. It will therefore be referred to as a petition. It was therein averred that there came into the hands of Mr. Shofner as such guardian or trustee the sum of $5280.57. This sum he tendered and actually paid into the hands of the Clerk and Master. It was also averred that although Mrs. Shofner had died, John Porter, Jr., had continued to live with the petitioner, although he and the petitioner were growing old and the petitioner was not in a position to care satisfactorily for John Porter any further. He asked that his resignation as guardian or trustee be accepted and that a suitable successor be appointed, and that he be reimbursed out of the funds for the amount of taxes thereon which he had paid.

A guardian ad litem for John Porter was appointed and he filed an answer among other things denying that the petitioner was entitled to be reimbursed out of the corpus of the funds for taxes paid by him.

The children of William S. Porter, deceased, filed an answer in which among other things they denied that the aforesaid sum of $5280.57 was all the money that came into the hands of George F. Shofner as guardian, averring that he received an additional sum of $900. The Chancellor found that $5280.57 was all that did actually come into the hands of Mr. Shofner as such guardian, and there is no evidence which would warrant this Court in disturbing this finding. In said answer and in a supplemental answer these defendants made issues which will be set forth and disposed of in dealing with the assignments of error upon this appeal.

Upon the final hearing the Chancellor decreed that the resignation of George F. Shofner as guardian or trustee be accepted as of August 3, 1931, and that he pay to the Clerk and Master said sum of $5280.57, less the sum of $187.20, paid by him as State and County taxes on the said fund for the years 1921-1925 inclusive, with interest thereon for six years; that the Clerk and Master pay out of said funds the sum of $20 per month to E. A. Jones for the maintenance of John Porter; the sum of $200, with interest for six years, to E. M. Armstrong, former Clerk and Master, reciting, ''it appearing to the Court from the records in this cause and the books of the Clerk and Master, that said $200 was a part of $600 attorney fee, decreed to Lawson Myers, $200 of same to be paid out of the trust funds in the hands of George F. Shofner, trustee, which sum was paid by the Clerk and Master and for which a judgment has heretofore been rendered against George F. Shofner as such trustee, on which judgment execution was issued and returned nulla bona. The Chancellor directed the Clerk and Master to pay out of said fund the costs of the cause,

including a fee to the guardian ad litem for John Porter. He directed that the fund be loaned out at interest and that the income therefrom be paid over to E. A. Jones for the support and maintenance of John Porter so long as he should keep him; and the cause was retained in court for further orders.

Mr. George F. Shofner appealed from that portion of the decree which denied to him the payment of his reasonable attorney's fee for services rendered in this cause out of the corpus of said fund.

The Porter children appealed from the entire decree. In their behalf fifteen assignments of error have been filed. These may be grouped under the following propositions:

First—that it was error to order the payment of any sums out of the corpus of the trust fund.

Second—that it was error to find as a fact that the sum of $5280.57 was the full amount received by George F. Shofner as trustee, and to order that he be discharged from his duties as trustee upon the payment of said sum to the Clerk and Master.

Third—that it was error to provide that the balance of the fund be retained in court, direct the Clerk and Master to lend it out at interest, collect the income therefrom and pay the same over to E. A. Jones for the support and maintenance of John S. Porter—such being an illegal method of investing such a fund under the laws of the State of Tennessee.

We will now deal with these three propositions seriatim.

1. It has been seen that the disbursements challenged are as follows:

(a) Taxes, $187.20; (b) interest thereon for six years; (c) $200 to E. M. Armstrong; (d) interest thereon for six years; (e) $20 per month from August 10, 1931, for support; (f) court costs, including the fee of the guardian ad litem.

These appellants, as to certain of these items, rely upon a plea of res adjudicata incorporated in a supplemental answer filed by them. As exhibits to said pleading they filed copies of a bill, demurrer and decree thereon, in a suit in the Chancery Court of Davidson County, instituted on November 30, 1927, by George F. Shofner against these same Porter children and John Porter, non compos mentis. In said bill the complainant, after setting forth his appointment and service as guardian or trustee, averred that John Porter's physical and mental condition and his needs were such that the income from the fund in complainant's hands was wholly inadequate for the support and care of John Porter; and that the complainant was now forced to the alternative of supporting him at a heavy expense out of his own means, or to ask a court of equity to allow the corpus of the fund to be encroached upon for such support and care. The prayer of the bill was for a reference to ascertain what amount therefor was

necessary, and that upon the coming in of a report thereon, a decree be rendered that the corpus be encroached upon to such an extent as might be necessary "to care for, maintain and support the said non compos defendant." It should be added that the bill contained the averment: "Your complainant has been compelled to pay taxes upon this sum, which reduces the net income below the gross return."

The bill was filed in the Davidson Chancery Court because the Porter children were residents of that County. The bill was demurred to on the following grounds:

"Because the bill is brought in the name of complainant in his individual capacity while it seeks relief involving a trust fund.

"Because the complainant is not entitled to the relief he prayed for, nor to any relief, his bill showing that the fund upon which he seeks to encroach is not the property of the defendant John Porter, but is a trust fund from which said defendant is entitled to the income only during his life, and the corpus of a trust fund cannot be applied to the maintenance of a life tenant."

The Chancellor in said cause held that the bill was without equity and dismissed it. No appeal was taken from his decree. The bill in said cause made no reference to the debt of $200 to Lawson Myers. This debt was created by Mrs. Mollie R. Porter, as guardian and trustee of her three children, by employing Mr. Myers as solicitor in the cause in which the sale of the land under the former decree of compromise was ratified and confirmed. This was done in performance of a duty to give to the purchaser a good and marketable title. The fund herein involved was derived from that sale. The Court ordered that one-third, or $200, of the fee allowed Mr. Myers be paid out of the funds in the hands of George F. Shofner as guardian or trustee. This was necessarily a part of the cost of converting the land into money, and it was proper that it be thus paid, just as the fees and costs of the original proceeding were paid out of the proceeds. Mr. Shofner never paid this $200 out of the fund, but it was advanced to Mr. Myers by the then Clerk and Master, Mr. E. M. Armstrong. We are of the opinion that it was proper in the instant cause to order the repayment of this $200 to Mr. Armstrong, but interest thereon should not have been charged to said fund, for it was plainly the duty of Mr. Shofner to pay this sum out of the fund when the decree in the former cause was rendered in the year 1918. The decree appealed from will be modified accordingly.

It is undisputed that Mr. Shofner paid taxes, amounting to $187.20, on this fund. He seeks reimbursement out of the corpus. He has received the income and cared for and supported John Porter. He did not exhibit any statement of the expenses thereby incurred by him. He testified, without contradiction, that prior to his appoint-

ment he supported John Porter for three years without any compensation. He kept him at his home for sixteen years. The income from the fund has amounted to about $315 a year. The annual tax was $37.37. It was assessable against the fund, not merely the income therefrom. John Porter was entitled to a support to the extent which was necessary, so far as the income would provide. It is fairly to be inferred from the evidence that the use of the entire income was thus necessary. It would therefore be unjust to compel the guardian or trustee individually to pay the taxes. When the fund was set apart, not to be encroached upon, it was subject to taxation and the law made it subject to encroachment for payment of the taxes. We therefore hold that it was not error to order this reimbursement out of the corpus of the fund.

The allowance of $20 per month for the support of John Porter was not improper. It does not appear that this allowance cannot be paid out of the income.

In support of the allowance of costs, including a fee to the guardian ad litem, out of the corpus of the fund, the rule is invoked that a trust fund should bear the expense of its administration. Vanderbilt University v. Mitchell, 162 Tenn., 217, 36 S. W. (2d), 83; Smith v. Haire, 138 Tenn., 255, 197 S. W., 678. This rule is ordinarily applied as to proper and necessary expenses incurred by the trustee in the execution of his trust. Burney v. Atkinson, 54 S. W., 998; Vaccaro v. Cicalla, 89 Tenn., 78, 14 S. W., 43. However, a large part of the costs and services of the guardian ad litem have been incurred from the issues raised by the Porter children and decided adversely to them. Mr. Shofner was compelled to come into the Chancery Court which appointed him, in order to tender his resignation, make his settlement and obtain the appointment of his successor. The proceeding arose out of his desire to be relieved of the trust. The services of a guardian ad litem were necessary to the accomplishment of these purposes. The services of counsel for Mr. Shofner were also necessary, but compensation therefor was properly not allowed out of the fund.

After a careful examination of this record we conclude that equity requires that the defendants William Edward Porter, John P. Porter and Minnie Porter should bear one-half of the costs incurred in the Chancery Court in this proceeding; and that the other one-half should be adjudged against the petitioner, George F. Shofner, and the surety on his cost bond in said court. It will be so ordered. In this we are adhering to the theory adopted and decreed by the Chancery Court of Davidson County, as res adjudicata—that John Porter has no estate in the corpus of this fund as it was set apart by the Chancery Court of Marshall County, and therefore it is not subject to be trenched upon for the payment of these costs and fees.

Recurring to the deed of John Porter, Sr., it is manifest that his intention was to provide an adequate support for his afflicted son. Such support was made a charge on all the land. It is true that the annual charge on the land for such support was limited to $150 in the event that the grantees, William S. Porter, Mollie Ramsey Porter and their children should fail to support and care for John Porter, Jr. But we have no doubt that had the grantor foreseen that in the later years much more would have been required for such support, he would have provided it. The law would impute to him such an intention. Weakley v. Barrow, 137 Tenn., 224, 192 S. W., 929. By the proceedings after the death of John Porter, Sr., his provision for support of this son was materially changed. Instead of the support coming, as far as necessary, from the whole estate, it has been restricted to one-third of the net proceeds of the sale thereof. The Porter children have received the other two-thirds, although the deed provided that their interest in the land should also be subject to the provision for support. It appears that the income from this trust fund may be insufficient for a proper support of John Porter. In such event, it may be that the Porter children should be required to contribute to his support, supplementing such income—inasmuch as they have received a large fund from the sale of land which was impressed with the burden of support of John Porter. The decrees heretofore rendered should be harmonized, as far as possible, with the provisions of the deed, so as finally to effectuate the purposes of the grantor. This can be done by such contribution when necessary. This cause will be remanded to the Chancery Court of Marshall County for further proceedings in conformity with this opinion; and also for the purpose that appropriate pleadings may be made up and filed and issues raised and determined, as to the right of John Porter to have contribution to his support from William E. Porter, Minnie Porter and John P. Porter.

We have heretofore stated that the evidence does not warrant the charge that George F. Shofner received any more than $5280.57, and therefore the assignment of error relating to this matter is overruled. As to the provision that the fund be retained in Court, loaned out by the Clerk and Master, the income collected and paid over to E. A. Jones for the support and maintenance of John Porter, we are unable to sustain the insistence that this is an illegal method of investing such a fund. The decree does not provide just how the fund shall be loaned out, that is, upon what security, and it may be presumed that it will be loaned out upon such security as is provided by law for the investment of trust funds. The Clerk and Master is a responsible officer under ample bond to account for all funds committed to his custody. The fund has been in the custody of the Court,

whether in the hands of Mr. Shofner as trustee or the Clerk and Master, ever since it was derived from sale of the land. We think that it was quite proper to allow the fund to remain in the hands of the Clerk and Master to be administered in this direct manner by the Chancery Court under its orders.

The decree appealed from, with the modifications herein set forth, is affirmed. The costs of the appeal will be adjudged one-fourth against George F. Shofner and the surety on his appeal bond, and three-fourths against William E. Porter, Minnie Porter and John P. Porter, and the surety on their appeal bond.

Faw, P. J., and Crownover, J., concur.