Comford *et al. v.* Cantrell *et al.*

(*Nashville,* December Term, 1940.)

Opinion filed June 14, 1941.

554

WALKER & HOOKER and K. HARLAN DODSON, JR., all of Nashville, for complainants.

SEAY, STOCKELL & EDWARDS and JOHN T. MCCALL, all of Nashville, for defendants.

FERRISS C. BAILEY, of Nashville, guardian *ad litem.*

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The questions presented on this appeal involve the construction of two wills. First the will of James G. Cantrell and second the will of his wife, Clara Augusta Cantrell. The chancellor's decree was in favor of complainants and the defendants have appealed.

James G. Cantrell was the owner of valuable property on Fifth Avenue in Nashville which he devised to his wife. She was advised that she took an estate in fee under her husband's will and proceeded to dispose of the property by her will. Certain relatives of the husband, mentioned by his will in a connection that will hereafter appear, insist that Mrs. Cantrell took the property impressed with a trust in their favor at her death.

After certain provisions not here material, Cantrell's will continued:

"Third: I give, devise and bequeath all the rest, residue and remainder of my estate and property of whatsoever kind and nature, wherever situated, both real and personal, to which I am entitled, or which I may have the power to dispose of at my death, to my wife, Clara Augusta Cantrell, to be her absolute estate forever; but if said Clara Augusta Cantrell dies in my lifetime, I then bequeath the property described in the next succeeding paragraph to the persons and in accordance with the request therein contained.

"Fourth: It is my request that upon her death my said wife, Clara Augusta Cantrell, shall give devise and bequeath my interest in the following described property in Nashville, Tennessee, to-wit: (Description follows)

"One quarter interest in my interest of the property described in the fourth section of this will to each of my brothers, Harvey W. Cantrell, Lee Cantrell and Julian W. Cantrell, or their heirs, and one quarter interest in

my interest in said property to Charles E. Boisseau, Jr., and his sister Marguerite Boisseau, to be held by them jointly during the life of said Marguerite Boisseau, and at her death, the interest of said Marguerite Boisseau to revert to said Charles E. Boisseau or his heirs.''

As observed by the chancellor, the testator used strong language in describing the character of the estate conferred upon his wife under his will. He said it was ''to be her absolute estate forever.'' Absolute means without limitation or restriction. The word forever is almost invariably used in an instrument which creates an estate in fee simple. Forever is said to be an adjunct of a fee-simple estate. This will was obviously prepared by a lawyer and it is hard to conceive of words more clearly designed to pass a fee-simple estate than those quoted above.

██ ██ Such being the will before us, we think the case falls under the authority of *Smith* v. *Reynolds*, 173 Tenn., 579, 121 S. W. (2d), 572, 574. In that case the court reviewed earlier decisions and re-affirmed the rule that a clear and certain devise of a fee, about which the testamentary intention was obvious, would not be cut down or lessened by subsequent words which are ambiguous or of doubtful meaning. Although the will said that the estate devised to his wife ''is by my wish returned to my nearest blood kin'' at her death, the court held that the wife took the fee, it having been clearly and without ambiguity given to her previously in the instrument. The court said that the testator did not use the word wish as a command. And further that a trust would not be declared on the basis of precatory words where the will showed an intention to leave property absolutely.

██ ██ In *Smith* v. *Reynolds* the court noted the change

in the trend of authority as to the force of precatory words. This change has been very clearly discussed by two eminent authorities—Professor Scott of Harvard Law School and Professor Bogert of the University of Chicago Law School.

In Scott on Trusts, Section 25.2, it is said:

"Under the older view the question was whether the testator desired that the legatee should make a particular disposition of the property. If he did and if that disposition was one which could be enforced, the courts held that a trust was created. Under the modern cases the question is: Did the testator not only desire that the legatee should make a particular disposition of the property, but did he intend to impose a legal obligation upon him to make the disposition? Under the earlier rule it was easier to determine whether or not a trust was created than it is under the modern view, which makes the question one of interpretation of each particular will."

In 1 Bogert on Trusts and Trustees, Section 48, it is said:

"The words 'request,' 'desire,' and the like, do not naturally import a legal obligation. But the early view in England was that such words, when used in a will, were to be given an unnatural meaning, and were to be held to be courteous and softened means of creating duties enforceable by the courts. According to that opinion words of request prima facie created a trust. But since the beginning of the nineteenth century the English courts have changed their stand upon this question, and now hold that the natural significance of precatory words is not a trust, but that such an obligation may be shown by other portions of the instrument or by extrinsic cir-

cumstances. The American courts have adopted this natural construction of precatory expressions."

Professor Bogert collects a number of cases in Note 25 under Section 48 to the effect that precatory words will generally be held to have no legal effect when a gift is made to one absolutely or in his own right. Among these cases is *Frierson* v. *General Assembly,* 54 Tenn. (7 Heisk.), 683.

In *Ogilvie* v. *Wright,* 140 Tenn., 114, 203 S. W., 753, 754, the wife was given property to do with "as she may think best." The court held that a further expression of testator's "wish and desire that at the death of my wife" the estate should take a certain direction was ineffective to deprive the wife of a title in fee simple.

Counsel for defendants rely on *Daly* v. *Daly,* 142 Tenn., 242, 218 S. W., 213, in which precatory words were treated as imperative. There, however, the court analyzed the whole will and showed that throughout the testator used such words as expressing a command rather than a mere desire. In *Daly* v. *Daly* our earlier cases were all set out and need not here be considered. In none of these cases was a trust held to exist where the recipient of the gift was to take it as an "absolute estate forever." These words are just incompatible with any other interest in the estate.

 Assuming as heretofore stated that she owned a fee in the Fifth Avenue property, Mrs. Cantrell by her will disposed of it in these words:

"Ninth: I give and bequeath to my nephew William Harrison Comford and his wife Alice Butler Comford during their lifetime the following described property situated in Nashville, Tennessee: (Description follows)

"Should William Harrison Comford or Alice Butler Comford, his wife, die in my lifetime I give and bequeath

to my sister Marie C. Massa during her lifetime the property described in paragraph seven known as the Cantrell estate in Nashville, Tenn., and upon her death I give the property described in Paragraph seven as follows one-quarter interest to Lee Cantrell, one quarter interest to Harriett Lee Crutchfield, one-half interest to Charles E. Boisseau, Jr., or his heirs.''

The persons named in this will who were to take upon the death of Marie C. Massa were some of the same relatives mentioned in the will of Mr. Cantrell to whom he requested his wife to give the property.

It will be noticed that the gift to Marie C. Massa was not to take effect unless William Harrison Comford and Alice Butler Comford died during the lifetime of Mrs. Cantrell. As a matter of fact, both of them survived her.

Although the primary devise was in Mrs. Cantrell's will to William Harrison Comford and Alice Butler Comford ''during their lifetime,'' they take the fee in the circumstances of this case under a familiar rule in this State.

A clear statement of the rule mentioned is contained in *Alston* v. *Davis,* 39 Tenn. (2 Head), 266, as follows: ''The general principle is well established, that where, by the will, an absolute gift of the property is made, in the first instance, followed by a limitation over, on the death of the devisee or legatee, the absolute gift is not taken away by the gift over, unless the gift over may take effect.''

Here, of course, the gift over did not take effect as neither of the Comfords died during the lifetime of Mrs. Cantrell.

In *Anderson* v. *Lucas,* 140 Tenn., 336, 204 S. W., 989, the rule is said to be that ''where an estate is created in

fee or for life, and on this estate another is conditioned to arise, by way of executory devise, on the occurrence of a given event, and that event does not occur, so that the estate over cannot vest, then the first estate continues, and if a life estate, it is enlarged into a fee.''

Both these cases were quoted and approved in *Williams, Commissioner,* v. *McFarland,* 162 Tenn., 468, 37 S. W. (2d), 116.

We find nothing in the record indicating an intention on the part of James G. Cantrell that his will should be construed otherwise than we have done. It is true that those parties recommended by him to the beneficence of his wife were his relatives, but there is nothing to indicate that they were in need. Moreover, he had remembered them by another substantial devise in his will.

For the reasons stated, and upon the authorities cited, the decree of the chancellor must be affirmed.