Mrs. Irene Carson et al.

*v.*

Nashville Bank & Trust Company, Adm., etc. .

(*Nashville,* December Term, 1958.)

Opinion filed January 23, 1959.
On petition for rehearing March 12, 1959.

W. P. COOPER, Nashville, for appellants.

MANIER, CROUCH & WHITE, Nashville, for defendants.

Mr. Justice Burnett, delivered the opinion of the Court.

After reading and re-reading the pleadings, briefs herein, and hearing oral arguments, we are convinced that this is part of a litigation that started nearly 20 years ago. A rather complete history of the question here involved is shown in a reported case involving the same parties hereto and reported under the style of *Ratto v. Nashville Trust Co.,* 178 Tenn. 457, 159 S.W.2d 88, 141 A.L.R. 341.

This reported case was the final opinion on the construction of the will involved in this litigation. In that case the heirs there of the testator of the will sought a construction and sought to have the will declared invalid for various reasons. The reported decision contains copies of excerpts of letters, etc., of the testatrix apparently showing why these heirs were left out.

The main contest over the will hinged around the meaning of a clause in the will which reads:

"All the rest and residue of my estate of whatever character and kind, and wheresoever situated, real, personal and mixed, I give, devise and bequeath to Walter R. Sanders of Nashville, Tennessee, to be used by the said Walter R. Sanders for the education of any child or children whom he deems worthy of assistance."

This Court in the reported case, (178 Tenn. 465, 159 S.W.2d 91) held that:

"Here there was no discretion reposed in the trustee to change or substitute the object or purpose of the trust. It was definite and fixed."

The reported decision likewise shows that the purposes of this trust were for the charitable purposes discussed in the opinion and held to be for a definite purpose. The trustee at the time of the death of the testatrix was living and capable of taking. Some years after the decision of this reported case comes the basis for the present lawsuit, i. e., the trustee Sanders, named in the quoted provision from the will above, failed to qualify and subsequently died. Thus it is that the present suit is filed delineating and setting forth all steps in the litigation, probate of the will, contest *devisavit vel non,* various subsequent qualifications of trustees in various capacities, etc., down to the present trustees—directors of the Nashville Rotary Club—who were appointed by the Probate Court of Davidson County for this purpose. These trustees, the Bank and those apparently having anything to do with this feature of the lawsuit over the past 20 years, are made defendants in the present litigation. The Chancellor heard the matter on bill and answer and certain stipulations and after hearing it, dismissed the bill. It is from this action that the original complainants have perfected their appeal, filed briefs, have made able argument in this Court and we now have the matter for disposition.

The case is bottomed on the proposition that since Sanders failed to qualify and administer the trust and has died that the trust has likewise failed because this was a personal trust and no one else could execute it except Sanders. There are many authorities from other jurisdictions cited to support this proposition. The cases

from this Court are likewise cited wherein when the trust fails it is held that the property then goes to the heirs. Before this lawsuit can succeed it must be held that the death and failure to qualify of Sanders has caused the failure of this trust. If the trust has not failed these complainants have not an iota of interest in the property and therefore under the law and particularly the case of *Nolfe v. Byrne,* 142 Tenn. 309, 219 S.W. 1, and others, they cannot litigate the question. So let us therefore first see whether or not this charitable trust has failed for want of a trustee.

The overwhelming weight of authority in this Country is to the effect:

"That the trust will not fail merely because no trustee was named by the testator or because the trustee named by him was unable or unwilling to perform the trust." Scott on Trusts, Vol. 4, page 2777.

For this statement the author cited cases from many, many jurisdictions and follows with this statement:

"The result reached in these cases is clearly sound."

We, of this Court, agree with this last quoted statement of this author. There are a few cases, most of which are cited in the brief of the appellant, where a charitable trust has failed when the method of administering the trust is left in the discretion of the trustee who is unable or unwilling to exercise this discretion. Such cases are generally based on the proposition that the maker of the instrument intends that the purpose of the charity should lie wholly and solely within the discretion of the person that he or she names in the instrument. The cases though generally hold that this is a secondary matter and if it is

shown by the instrument that the main and primary purpose of the maker of the instrument, the testator or the testatrix, is that the property should be designated for charitable purposes which are definite and fixed then even though the trustee fails to qualify, fails to designate or dies, the Courts in different States under statute or under broad equity powers appoint trustees to carry out the trust.

We in Tennessee have a statute that provides that a charitable trust shall not fail for want of a trustee. Section 35-120, T.C.A. This Statute was enacted first in 1917 following a decision of this Court, *Ewell v. Sneed*, 136 Tenn. 602, 191 S.W. 131, 5 A.L.R. 303. It has been said and it seems correctly so and a logical conclusion that the purpose of passing this statute was to prevent charitable trusts from failing for lack of a trustee. Thus it is that we hold that upon the failure of Sanders to qualify or die, the Courts under this Statute and other related statutes had the authority to appoint a successor trustee, provided this trust was a definite and fixed trust and was the primary purpose of the testator.

This Court has very definitely passed on this question in a well reasoned opinion heretofore referred to, *Ratto v. Nashville Trust Co., supra.* This opinion which is now the law of the case, shows beyond the peradventure of a doubt that the establishment of this trust was the very definite aim and purpose of the testatrix and that the reason therefor was that she did not want these very heirs to get the property. This case likewise, as we have said above and quoted therefrom, holds that this trust was definite and fixed. The clear inference from the opinion and the only logical one in considering the

opinion is that the execution of this trust was not left to the discretion of the named trustee but that the purpose of the trust was for the charity therein named. This being true it is our very firm conviction that the trust has not failed and therefore for reasons hereinafter to be set forth, these complainants would have no right to bring this lawsuit.

■ Ordinarily it is to be inferred that it was the testator's primary purpose that the property should be devoted to charitable uses when she so states and the selection of the one she selects as trustee is ordinarily a secondary matter. Many, many years ago Mr. Justice Holmes while on the Supreme Court of Massachusetts wrote a very learned decision in what is yet considered the leading opinion on this question, that of *Minot v. Baker,* 147 Mass. 348, 17 N.E. 839, 845. We have read this case and the various arguments pro and con which are appended thereto with interest. Among other things the Court said:

> "The nature of the gift shows that an application of the funds to charity is the dominant object, and the selection by the trustee is subordinate, or means to an end. It is not like a gift to a particular charity which fails. There the specific object of bounty or end of the trust well may have furnished the main motive of the testator for giving to charity at all."

We think that reason, justice and logic demand that we in this State follow this reasoning and principle. This being true there is no failure of this trust and consequently the complainants or heirs have no interest in the property herein.

403

■■ If the trust is being dissipated and not properly administered it is the duty of the Attorney General for Davidson County to intervene in the suit as a statutory representative of the beneficiaries of the trust and take the necessary action. *Vanderbilt University v. Mitchell*, 162 Tenn. 217, 36 S.W.2d 83. When it is shown, as it is here, that the heirs of this testatrix have no interest in this property other than if the trust were to fail for some legal reason in the future they might be expectant heirs. Such an interest is a mere contingency, subject to be defeated and is not an interest sufficient to justify the litigation now in this estate.

They are not in a position to question the capacity of the trustees who are here acting. *Bank of Commerce & Trust Co. v. Banks*, 161 Tenn. 11, 28 S.W.2d 340, 29 S.W. 2d 658, 69 A.L.R. 1353. This question as we intimated above, if the trustees are not acting properly or are not proper in administering this trust, is one for the District Attorney General of Davidson County where the trust is being administered. Thus it is after giving full consideration to the very able briefs and argument and from reading the authorities therein cited that we have concluded that the conclusion of the Chancellor in dismissing this bill must be affirmed.

On Petition to Rehear

In this case we have a most sincere petition to rehear. The petition is a re-argument of questions heretofore presented herein. There is nothing new, no new cases are cited or new arguments are made, presented.

We, out of regard for Counsel's sincerity, have again considered these arguments and authorities. Our con-

clusions as stated in the original opinion have become more firmly fixed. We see no escape from them as stated and for the reasons there stated.

The result is that the petition must be overruled.