HELEN KATHERON MOORE, by Next Friend,

*v.*

ANN NEELY, Executrix and Trustee, et al.

370 S. W. 2d 537.

(*Nashville,* December Term, 1962.)

Opinion filed September 11, 1963.

498

John S. Porter, Memphis, for appellant.

Larry Creson, Memphis, for appellee Ann Neely.

George F. McCanless, Attorney General, and Henry C. Foutch, Assistant Attorney General, Nashville, for appellee Western State Hospital.

Marvin Posner, Memphis, guardian ad litem for Odus K. Bivins.

MR. JUSTICE FELTS delivered the opinion of the Court.

This is a bill to construe the will of Bessie Moore Lake, deceased. It was filed by her only child, Helen Katheron Moore, a *non compos mentis,* suing by next friend. Complainant is past 50 years of age, unmarried, childless, and many years ago was adjudged to be of unsound mind and committed to the Western State Hospital where she has ever since been a patient.

The defendants to the bill are Miss Ann Neely, the executrix and trustee under the will; the testatrix's brother, Odus K. Bivins, who is about 75 years of age, and about 1912 was likewise adjudged insane and committed to the Western State Hospital, where he has ever since been a patient; and the Western State Hospital, which was named as one of the devisees and legatees in the will.

It appears from the bill that the estate of the testatrix consists of income-producing real estate located in Shelby County, and some personal property. The annual income of the realty is said to be $8,000.00 to $10,000.00, the exact amount not being known to complainant; and the amount or value of the personalty is said to be several thousand dollars, but the exact amount is likewise not known to her.

It further appears from the bill that the testatrix had no near relatives except her daughter, complainant, and her brother, Odus K. Bivins; and that they and the Western State Hospital were the only beneficiaries named in her will, a copy of which was exhibited by the bill and the pertinent parts of which are as follows:

## "I.

"I hereby nominate and appoint Miss Ann Neely Executrix and Trustee of my Estate upon her giving proper bond.

\* \* \* \* \* \*

## "III.

"I have one daughter, Helen Katheron Moore, and one brother, Odus K. Bivins, who are both now in Western State Hospital, Bolivar, Tennessee. It is my desire that they be properly cared for so long as they live, and it is my desire to, in some way, reimburse and remunerate said institution for taking care of them. Therefore, I hereby Will, Devise, and Bequeath unto my daughter Helen Katheron Moore, and my brother, Odus K. Bivins, all of my estate, whether same be real, personal, or mixed, for and during their lifetime and at their death to be given as charity to the Western State Hospital, Bolivar, Tennessee.

## "IV.

"I hereby direct that the said Trustee give my said daughter and my said brother all the necessities and spending money that seems, in her judgment, proper and necessary for their welfare in order that they may have a more enjoyable life.

"In order to carry out the terms of this Will, I direct that my attorney, Carlton Wilkes, handle the estate to be more certain that my desires are carried out and at the death of both my daughter and brother, I then direct that said Trustee be dismissed and the rest of my funds of the estate be paid over to the Western State Hospital, Bolivar, Tennessee, for the use of said

institution in taking care of some other persons not able to do so."

The bill averred that the provisions of the will are uncertain and ambiguous; that no title or interest is devised or bequeathed to the Trustee; that the will purports to devise and bequeath a life estate to complainant and Odus K. Bivins, with remainder to the Western State Hospital; and that, therefore it is doubtful whether a trust was created by the will either in said life estates, or in the remainder interest; and the bill prayed for a construction of the will and a determination of the rights of the parties thereunder.

The guardian ad litem filed a formal answer for Odus K. Bivins. The other two defendants filed demurrers, the third ground in each of which was that the will expressed the clear intent of the testatrix to create in her estate two trusts : (1) a trust for the use and benefit of her daughter and brother for their lifetimes; and (2) in remainder, a valid charitable trust in the Western State Hospital for the use and benefit of persons in said institution not able to care for themselves.

The Chancellor sustained this ground of demurrer and entered a decree which, though in form dismissed the bill, in effect granted the relief prayed by the bill—a construction of the will. He held that the will created in testatrix's estate a trust for the use and benefit of her daughter and of her brother for life, and in remainder, a charitable trust in the Western State Hospital for the use and benefit of persons therein not able to care for themselves.

Complainant appealed and insists : (1) that the will did not create any trust, but devised and bequeathed and vested in testatrix's daughter and brother a life estate

in her property under Item III of the will, and that its subsequent provisions did not. divest or cut down these life estates; and (2) that the attempted devise and bequest. to the Western State Hospital as a charitable trust is too indefinite and uncertain to be enforced, and is, therefore, invalid.

■ *First.* For appellant, it is argued that the will did not devise or bequeath any estate or interest in the property to the trustee; but that by the last sentence in Item III, testatrix devised and bequeathed to her daughter and her brother ''all of my estate'' ''for and during their lifetime * * *,'' thus vesting in each a life estate, which was not divested or cut down by later doubtful provisions of the will; and appellant relies upon the rule that a clear and certain devise, as to which the testamentary intent is obvious, will not be divested or cut down by subsequent ambiguous or doubtful words. *Comfort v. Cantrell,* 177 Tenn. 553, 151 S.W.2d 1076; *Smith v. Reynolds,* 173 Tenn. 579, 121 S.W.2d 572.

■ We cannot follow this argument. The rule laid down in these cases is undoubtedly sound and controls in a case to which it applies. It is, however, but a rule of construction, and, like all other rules of construction, is a mere aid in ascertaining the intent expressed by the testator's will.

■■ The cardinal rule in construction of all wills is that the court shall seek to discover the intention of the testator and give effect to it, unless it contravenes some rule of law or public policy. That intention is to be ascertained from the particular words used, from the context, and from the general scope and purpose of the will, read in the light of the surrounding and attending circum-

stances. *Hoggatt v. Clopton,* 142 Tenn. 184, 192, 193, 217 S.W. 657, 659; *First American National Bank v. Cole,* 211 Tenn. 213, 364 S.W.2d 875, 877; *Bell v. Shannon,* 212 Tenn. 28, 367 S.W.2d 761, 766.

■■ Another rule of construction is that when a controlling or predominate purpose of the testator is expressed, it is the duty of the court to effectuate that purpose, and to construe all subsidiary clauses so as to bring them into subordination to such purpose. The language of a single sentence is not to control as against the evident purpose and intent shown by the whole will. *East v. Burns,* 104 Tenn. 169, 181, 56 S.W. 830; *Owen v. Owen,* 8 Tenn.App. 246, 250; *First American National Bank v. Cole,* supra.

The surrounding and attending circumstances, in the light of which the will must be read, are that testatrix knew that her estate, realty and personalty, was such as to require constant management by a competent person. She had no relatives but her brother and her daughter whom she intended to benefit from her estate. Both of them for many years had been inmates in the Western State Hospital; and she no doubt realized that both were hopelessly and permanently incapacitated and of unsound mind; and she desired to devote the whole of her estate to their care as long as they lived, and at their deaths, to give the remainder as charity to the Hospital.

Such were the two controlling or predominant purposes expressed by the textatrix in her will. In Item I, she named Miss Neely not only as executrix, but also as "Trustee of my Estate." In Item II, she directed the executrix to pay all her just debts. In Item III, she stated that she had a daughter and a brother both in the Hos-

pital, and that it was her ''desire that they be properly cared for so long as they live,'' and her desire to ''reimburse and remunerate said institution for taking care of them.'' She then said:

''Therefore, I hereby Will, Devise, and Bequeath unto my daughter, Helen Katheron Moore, and my brother, Odus K. Bivins, all of my estate, * * * for and during their lifetime and at their death to be given as charity to the Western State Hospital, Bolivar, Tennessee.''

These devises and bequests were immediately followed and qualified by this direction of the testatrix:

''I hereby direct that the said Trustee give my said daughter and my said brother all the necessities and spending money that seems, in her judgment, proper and necessary for their welfare in order that they may have a more enjoyable life.''

She next directed that her attorney, Mr. Carlton Wilkes, handle her estate, in order to be more certain her wishes were carried out. Obviously, this was to aid, not displace, the trustee; for, contemplating that the trustee would continue, testatrix said:

''at the death of both my daughter and brother, I then direct that said Trustee be dismissed and the rest of my funds of the estate be paid over to the Western State Hospital, Bolivar, Tennessee, for the use of said institution in taking care of some other persons not able to do so.''

From all these provisions, considered as a whole in light of the circumstances stated, it seems clear that the testatrix intended to devise and bequeath all her estate in

trust for the use and benefit of her brother and daughter for life, and to charge the trustee with the duties of holding and managing the estate, and of seeing that the brother and daughter were "properly cared for so long as they live," giving each of them "all the necessities and spending money that seems, in her judgment, proper and necessary for their welfare. * * *"

██ It is true, as insisted by able counsel for appellant, the will contains no express words of devise or bequest to the trustee. But such words were not necessary if the will otherwise showed a testamentary intention to creat a trust and to impose active duties on the trustee. The learned Chancellor held that the will evidenced an intent to create such a trust, and that the trustee took by implication such title or interest as the purposes of the trust required.

We agree with this holding of the Chancellor. We think it is fully supported by principle and authority both in this State and elsewhere. 5 Page on Wills (Bowe-Parker Rev., 1962), p. 136, sec. 40.15; 1A Bogert on Trusts and Trustees (1951), p. 5, sec. 141; *Jobe v. Dillard,* 104 Tenn. 658, 58 S.W. 324; *Winters v. March,* 139 Tenn. 496, 501-502, 202 S.W. 73, and cases there cited; *Magevney v. Karsch,* 167 Tenn. 32, 67, 65 S.W.2d 562, 92 A.L.R. 343.

In 5 Page on Wills, supra, it is said:

"If the will, when taken as a whole, shows an intention to devise or bequeath property to a trustee, full effect will be given to such intention although the will contains no express words of devise or bequest. If the will does not show specifically what is the exact duration of the estate which is given to the trustee, it will

be presumed that the testator intended to give to the trustee an estate of such duration as would make it possible for him to execute the duties which were imposed upon him by the trust'' (p. 136, sec. 40.15).

■ It is established by a long line of our decisions that where a deed or will expresses an intent to create a trust, the title which the trustee takes depends not so much upon the particular words of conveyance or devise to him as upon the nature of the duties imposed upon him; and that he takes that title or quantity of interest which the purposes of the trust require, in order to enable him to perform the duties imposed. *Winters v. March,* supra; *Magevney v. Karsch,* supra; *Ellis v. Fisher,* 35 Tenn. 231, 234-236, 65 Am.Dec. 52.

■ So we conclude that the proper construction of the will is that testatrix bequeathed and devised her estate in trust to the trustee, to manage it and use so much of its income and corpus as should be needed properly to care for testatrix's brother and daughter during their lives, and at their death the trust terminates and the rest of the estate is ''to be given as charity to the Western State Hospital.''

*Second.* It remains to consider whether this gift to the Hospital is a valid charitable gift. Learned counsel for appellant submits that it is a gift to the Western State Hospital, as trustee, ''for the use of said institution in taking care of some other persons not able to do so''; that the Western State Hospital was created by statute, was not given, and does not have, the power to act as an executor or trustee under a will; and that this attempted gift to the Hospital, as trustee, is too vague and uncertain in its objects and purposes to be enforced as a charitable trust.

We cannot agree that this is a bequest and a devise to the Western State Hospital as trustee; instead, it is a direct gift to the institution itself: "at their death to be given as charity to the Western State Hospital" (Item III); "the rest of my funds of the estate to be paid over to the Western State Hospital, * * * for the use of said institution in taking care of some other persons not able to do so" (Item IV). The Chancellor, we thing correctly, held this to be a direct gift to the Hospital itself for its use in caring for its patients unable to care for themselves.

The Western State Hospital, by out statutes, is a "body politic and corporate." It has a common seal; and, in its corporate name and capacity, may acquire property, real and personal, by gift or otherwise, and hold, sell and convey the same for the uses and purposes of its creation, and sue and be sued in the same manner as a natural person. Its primary corporate purpose is the care and treatment of the poor insane. T.C.A. secs. 33-601, 33-603, 33-612 to 33-616, 33-621 to 33-623.

This Court held in *Central Hospital v. Adams*, 134 Tenn. 429, 183 S.W. 1032, L.R.A.1916E, 94, that a state hospital created under the above mentioned code sections is a public charity owned and operated for the benefit of all the people of the state. So, the Western State Hospital has legal capacity to take as a devisee, legatee or donee; and all funds and property which it receives it holds and administers for the charitable purposes and trusts set out in its charter and in the statutes.

The fundamental principles of the law of charitable trusts in Tennessee were laid down in the great case of *Green v. Allen* (1844) (opinion by Judge Turley), 24

Tenn. 170, and further explained and approved in *Dickson v. Montgomery* (1851) (opinion by Judge Nathan Green), 31 Tenn. 348, 360, and *Franklin v. Armfield* (1854) (opinion by Special Justice John Marshall of Franklin), 34 Tenn. 305, 327, and later cases too numerous to be cited. The rule there settled is that:

"If the charity be created either by devise or deed, it must be in favor of a person having sufficient capacity to take as a devisee or donee, or if it be not to such person, it must be definite in its object, and lawful in its creation, and to be executed and regulated by trustees, before the court of chancery can, by virtue of its extraordinary jurisdiction, interfere in its execution" (24 Tenn. 204; 31 Tenn. 361, 362; *Ewell v. Sneed* (1917) (opinion by Mr. (later Chief) Justice Grafton Green), 136 Tenn. 602, 609, 191 S.W. 131, 5 A.L.R. 303.

The charitable gift in the case before us meets this test. As aforesaid, the Hospital is a corporation, a legal entity, with sufficient capacity to acquire property (real and personal) by gifts or otherwise—"capacity to take as devisee or donee"; and it is also a public charity, definite in its objects and lawful in its creation, which objects are set out in its charter and the aforementioned statutes. In our opinion, it is well settled in this State that a charitable gift to such a corporation is in all respects valid and enforceable by the Chancery Court.

The principle above quoted, sustaining charitable gifts like that in the case before us, is supported by many of our decisions, some of which we cite: *Johnson v. Johnson*, 92 Tenn. 559, 23 S.W. 114, 22 L.R.A. 179; *Carson v. Carson*, 115 Tenn. 37, 88 S.W. 175; *Milligan v. Greeneville College*, 156 Tenn. 495, 2 S.W.2d 90; *Ratto v. Nashville*

*Trust Co.,* 178 Tenn. 457, 159 S.W.2d 88, 141 A.L.R. 341; *Carson v. Nashville Bank & Trust Co.,* 204 Tenn. 396, 321 S.W.2d 798.

In *Ratto v. Nashville Trust Co.,* supra, the Court said:

"A devise or bequest made directly to a charitable corporation need not be as definite or specific as one made to an individual trustee * * * [citing cases]. The validity of such trusts are upheld for the obvious reason that under the charter of the particular corporations the trust can be administered though the objects may not be definitely set out."

For the foregoing reasons, we think the Chancellor correctly held that the devise and bequest of testatrix's property in remainder to the Western State Hospital was a valid charitable gift.

It results that the decree of the Chancellor will be modified as above indicated and, as modified, is affirmed and the cause is remanded to the Chancery Court.

Inasmuch as this case presented doubtful questions as to the proper construction of the will, it was proper that the bill be filed, the questions settled, and the rights of the parties determined; and it is proper that the trust estates should bear the expenses of the administration of the trusts; and the Chancellor should allow fees to solicitor for complainant, solicitor for the trustee, and the guardian ad litem, and tax the same as part of the costs. *Vanderbilt University v. Mitchell,* 162 Tenn. 217, 227, 36 S.W.2d 83. The costs of the appeal are adjudged against the trustee and will be paid by her out of the trust fund.