**Claude MONGLE, Plaintiff-Appellant,**

v.

**Janice Mongle SUMMERS [Davis], Jeffery Summers, Danny Summers, Johnny Summers, David Summers, Kenneth Lee Davis and the unborn children and heirs of Janice Mongle Summers Davis, Defendants-Appellees.**

Court of Appeals of Tennessee, Western Section.

Oct. 30, 1979.

Permission to Appeal Denied by Supreme Court Dec. 27, 1979.

---

Donoho & Taylor, Hartsville, for plaintiff-appellant.

Jon A. Wells, Lafayette, for Janice Mongle Summers Davis.

James W. Chamberlain, Lafayette, for guardian ad litem.

MATHERNE, Judge.

The plaintiff sues for construction of the joint will of Dan Mongle and wife, Ova Mongle, both deceased. The plaintiff, Claude Mongle, is the only child of the testators. The plaintiff is also the father of the defendant, Janice Mongle Summers Davis, who is the mother of the other defendants.

Those portions of the will which require construction are (1) a codicil which changed paragraph three of the original will, and (2) paragraph four of the original will. Other than in the codicil and paragraph four of the original will, there is no mention of other property or other devisees or legatees.

The pertinent portion of the codicil requiring construction is as follows:

That under Section 3 of said will we desire to delete the entire section and substitute in lieu thereof, "At the death of the last survivor of us, we give, devise and bequeath unto Claude Mongle our son, a tract of land lying in the 12th. Civil District of Macon County, Tennessee, containing 111 acres more or less and known as our homeplace, and one-half of all the other property that we might own at the death of the last survivor, this to be given him during his lifetime and at his death to go to the children of Janice Summers, and to them equally."

The codicil deals with the same property, the same parties, and makes the same disposition as the original paragraph three, except the codicil eliminates a life estate in Linda Mongle, the wife of Claude Mongle. The record reveals that Linda Mongle had divorced Claude Mongle a short time prior to the date of the codicil.

Paragraph four of the will also requires construction and is set out below:

We give, devise and bequeath unto Janice Summers, our granddaughter a tract of land lying in the 12th. Civil District of Macon County, Tennessee, containing 150 acres, more or less, and four lots on Sycamore and Poplar Streets in the 1st. Civil District of Macon County, Tennessee and being in the City of Lafayette, Tennessee, and one-half of all the other property that we might own at the death of the last survivor, this to be given her during her lifetime and at her death to go to her children and to them equally.

By final decree, the chancellor held:

1. That Claude Mongle takes a life estate in the 111 acres of land and a one-half (½) interest for life in all other property, real and personal, which is not

specifically set forth in the Will and that, upon the death of Claude Mongle, all of the property including the 111 acres in which he has a life estate, will pass to the children of Janice Mongle Summers.

2. That Janice Mongle Summers takes a life estate in a 150 acres of land as well as a life estate in the four (4) lots in Lafayette, Tennessee and a one-half (½) undivided interest for life in all other property, real and personal, not specifically mentioned in the Will and that upon the death of Janice Mongle Summers, all of the property in which she has a life estate, will pass to her children equally.

The plaintiff appeals insisting that (1) the will is so vague, uncertain and ambiguous that the intention of the testator can not be determined, and (2) if the will is to stand, the chancellor should have held that the plaintiff took 111 acres in fee simple, a one-half undivided interest for life in the 150 acres and the four lots; and that Janice took a fee simple interest in a one-half undivided interest in 150 acres and the four lots, with her children taking a remainder interest in one-half of 150 acres and the four lots following the death of the plaintiff. Of course, the second contention is groundless and is not in any manner a consistent construction of the codicil and the fourth paragraph of the will.

■ "The cardinal rule in construction of all wills is that the court shall seek to discover the intention of the testator and give effect to it, unless it contravenes some rule of law or public policy. That intention is to be ascertained from the particular words used, from the context, and from the general scope and purpose of the will, read in the light of the surrounding and attending circumstances." *Moore v. Neely* (Tenn. 1963) 212 Tenn. 496, 370 S.W.2d 537.

It is obvious that the objects of the testators' bounty were their son, their granddaughter and their great grandchildren. It is also obvious that the testators intended that the fee in all their property ultimately vest in their great grandchildren, the children of Janice Mongle Summers Davis.

The plaintiff argues that the will is so uncertain that it must be declared void because the words "all the other property" as used in the codicil includes the 150 acres and four lots devised under the fourth paragraph and because the words "all the other property" as used in the fourth paragraph covers the 111 acres devised under the codicil. The defendants argue before this Court that the words "all the other property" refers to personal property. We do not agree with either contention. We affirm the ruling of the chancellor that the words refer to "all the other property, real and personal, which is not specifically set forth in the will. . . ." There is no indication that the testators intended that the words "all the other property" qualify, limit or even relate to specific devises made in other portions of the will.

The plaintiffs further argue that the words "this to be given him during his lifetime" as used in the codicil refer only to "all the other property." This argument is based upon the use of the word "this" in the singular, rather than "these" in the plural. It is also argued that the pronoun "this" refers to its nearest antecedent which would be "all the other property," and not the 111 acres.

■ The will, taken as a whole, shows an intent on the part of the testators that the fee simple title to all their property vest in their great grandchildren. Where the intent of the testators is determined, the use of inept words or errors in grammar and punctuation will not vary, change or alter that intent. See: Phillips, *Pritchard on the Law of Wills and Administration of Estates*, Section 391, (3rd Edition 1955); 95 C.J.S. *Wills* § 612 (1957); 80 Am.Jur.2d *Wills* § 1154 (1975).

■ We therefore hold that from the four corners of the will the chancellor correctly determined the intention of the testators and his final decree is affirmed. The cost in this Court is adjudged against the plaintiff-appellant, and this lawsuit is remanded to the trial court for such further proceedings as are necessary.