## Wright's Estate.

*Wills—Codicils—Execution thirty days prior to death—Trusts and trustees—Charitable trust—Witnesses—Interest.*

1. A codicil revokes a will only so far as repugnant thereto.

2. Where a will creating a charitable trust was executed before two disinterested and competent subscribing witnesses more than thirty days prior to testator's death, the execution of codicils within the thirty days will not affect the validity of the charitable trust, where the codicils make no attempt to change the will as to the charitable trust. The fact that the trustee mentioned in the will, was a witness to the codicils will not invalidate the trust.

*Trusts and trustees—Charitable trust—Charitable and noncharitable purposes—Loan of income—Perpetuities—Wills—Construction—Nephews and nieces in being.*

3. A permanent trust to assist worthy boys and girls in securing an education, is a valid charity.

4. Where a testator in creating such a trust directs that the principal shall be kept intact, but gives the trustees power to make loans out of the income to worthy boys and girls, the making of such loans does not convert the loans into a part of the corpus of the estate.

5. A further direction that the trustees might render necessary assistance out of income to his own nephews and nieces does not

constitute such a blending of charitable and noncharitable bequests in one trust as to render the whole trust void.

6. A permanent charitable trust should not be stricken down because some particular minor purposes to which income from the fund may be applied, are not strictly charitable.

7. A will speaks as of the date of testator's death and, unless it provides otherwise, the beneficiaries are to be determined as of that time.

8. Persons born after the death of the testator cannot take under a legacy to a class, unless a definite later date is fixed for distribution.

9. Where a testator directs that out of the income of a trust fund necessary assistance may be rendered his nephews and nieces, only such nephews and nieces as are living at his death are entitled to such loans. The direction so construed does not violate the rule against perpetuities.

10. While the legal possibility of children being born to parents of any age is conceded, the fact that testator's brothers and sister-in-law were all over seventy years of age and were the only persons whose after-born children would be testator's nephews and nieces, while not controlling, is a fact which lends strength to the conclusion that testator had in mind merely the nephews and nieces then in being.

11. If reasonably possible, a will should always be so construed as to make its provisions legally effective.

Argued October 1, 1925. Appeal, No. 110, March T., 1925, by Alexander Wright, from decree of O. C. Mercer Co., June T., 1922, No. 26, dismissing exceptions to adjudication, in estate of George W. Wright, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudications. Before CRISWELL, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Alexander Wright, next of kin, appealed.

*Error assigned* was, inter alia, decree, quoting bill of exception.

*W. W. Braham,* of *Aiken & Braham,* for appellant.—
The will attempts to create a trust fund, the proceeds of
which were to be applied to charitable purposes or to
noncharitable purposes at the discretion of the trustees.
According to well known principles of law the trust is,
therefore, void: Anderson's Est., 269 Pa. 535.

The direction to the trustees to pay out of the income
of the trust fund to the nephews and nieces of the tes-
tator, violates the rule against perpetuities, and, the
whole trust therefore is void: Coggins's App., 124 Pa.
10; Haskins v. Tate, 25 Pa. 249; Bender v. Bender, 225
Pa. 434; Stephens v. Dayton, 220 Pa. 522; Gerber's
Est., 196 Pa. 366; Lilley's Est., 272 Pa. 143; Barton v.
Thaw, 246 Pa. 348; Lawrence's Est., 136 Pa. 354.

Even if the discretion given the trustees to devote the
fund to charitable or noncharitable purposes, at their
option, be upheld, the trust cannot be sustained as a
charitable one because of the provision authorizing that
the funds be loaned to deserving boys and girls rather
than distributed outright: Hillyard v. Miller, 10 Pa. 326.

The charitable trust attempted to be created by the
will is void because the will and its codicils were not
executed by two competent and disinterested witnesses
as is provided by section 6 of the Wills Act of 1917, P. L.
403; Stinson's Est., 232 Pa. 218; Palethorp's Est., 249
Pa. 389.

*Q. A. Gordon,* for appellees.—The attestation by Ralph
C. Kerr, one of the trustees for the educational trust,
named in the original will, of subsequent codicils to the
will, had no invalidating effect upon the trust.

The testator's direction to his trustees to relieve the
financial necessities of his living nephews and nieces out
of the income of the educational trust which he had
previously established by his will does not destroy the
trust.

The charitable trust established by the will of the tes-

tator is not in violation of the rule against perpetuities: Boies' Est., 177 Pa. 190; Lefebvre v. D'Arcy, 236 Pa. 235.

OPINION BY MR. JUSTICE WALLING, November 23, 1925:

George W. Wright, late of Mercer, Pennsylvania, died testate, February 21, 1921, leaving an estate of approximately $450,000. His will, after specific bequests amounting to $24,000, gives the remainder of the estate absolutely to Ralph C. Kerr, James A. McLaughry and Alexander Wright, Jr., trustees, and their successors, and provides, inter alia: "The aforesaid trustees for educational purposes, shall use and apply the estate, so as aforesaid given to them in trust and they are hereby authorized, empowered and directed to invest said estate and keep the same invested in marketable bonds, in dividend-paying stocks or upon real estate security, and from time to time to distribute the income thereof for the education of such boys and girls as in their judgment are deserving, or said trustees may loan to deserving boys and girls, for the purpose of education, from the income of said trust, such sum or sums as, in the opinion of said trustees, will be for the best interest of such boys and girls, hereby giving to said trustees the absolute power to select the persons to be educated and the institution of learning in which they are to receive said education, as fully and completely as I could do, if living.

"I desire and so direct that the above named trustees may, from the income of the said trust, pay to my nieces and nephews, by blood or marriage, such sum or sums as in their discretion, after investigation, may be necessary.

"It is my will and I so direct that said trustees shall at all times preserve intact the corpus of said trust;" with a further provision that no one person or family shall become indebted to the trustees, under the provisions of the trust, to a greater amount than $1,000, without the approval of the judge of the Orphans' Court

of Mercer County; also that any vacancy among the trustees shall be filled by the orphans' court.

The will was duly executed February 14, 1919, before two disinterested and competent subscribing witnesses, and Ralph C. Kerr was named executor therein. On January 18, 1920, by a codicil, the testator appointed an attorney to act in the settlement of the estate in place of the one named in the will, who had died meantime. In all other respects the will was ratified and confirmed. On November 27, 1920, a second codicil was made, appointing Ralph C. Kerr, John A. Wright and James C. McLaughry executors and trustees under the will and ratifying it in all other respects, and two days thereafter by a third codicil, the testator revoked the codicil, above mentioned, of November 27, 1920. R. C. Kerr (being Ralph C. Kerr) was a subscribing witness to the first and third codicils, but not a witness to the will.

At the audit of the executor's first partial account, testator's next of kin denied the validity of the trust and claimed the fund for distribution and, from the court's decree awarding the same to the trustees under the will, brought this appeal. The fund was rightly distributed. The will, executed more than a month prior to testator's death, was witnessed by E. B. Reed and W. A. McCoy, at the time and ever after disinterested and competent subscribing witnesses. Neither codicil made nor attempted to make any change in the will, as to the trust estate, hence it remained unaffected thereby: Bingaman's Est., 281 Pa. 497; Morrow's Est. (No. 2), 204 Pa. 484; Sloan's App., 168 Pa. 422; Appeal of Carl, 106 Pa. 635; Lightner's App., 57 Pa. Superior Ct. 469. A codicil revokes a will only so far as repugnant thereto: Schattenberg's Est., 269 Pa. 90. Hence, whether Kerr would, under the statutes, have been a competent witness to the will wherein he was named as executor and trustee, we need not stop to inquire, for he was not a witness to the will or to any testamentary writing relative to the trust in question.

The contention that the will provides for an unlawful accumulation is also untenable. The manifest intention of the testator was that the corpus of the estate should be kept intact and the income devoted to the purposes stated. The fact that from the income loans might be made to worthy boys and girls seeking an education does not convert the same or the increment thereof, if any, into principal. As the auditing judge well says: "If a deserving boy or girl is in need of temporary assistance only, or is so constituted as to regard it as humiliating to accept charity, would the trustees violate either the letter or the spirit of their trust by rendering such temporary aid or accepting a return thereof? Such use of the income would be consistent with the benign intent of the testator, and would but tend to give to his benevolence that degree of usefulness which manifestly he intended. Such use of the income could never make it a part of the corpus of the estate. When returned it would remain income to be distributed in aid of the education of still others."

It is clear that a permanent trust, as here created, to assist worthy boys and girls in securing an education, standing alone, is a valid charity, while the provision in favor of testator's nephews and nieces is not a charity, and it is very earnestly urged for appellant that the blending of charitable and noncharitable bequests in one trust renders the whole void. There is force in the contention where the trust is for both charitable and noncharitable purposes and the trustee is clothed with discretion so that the amount to be devoted to either is wholly at his option and therefore within his power to defeat the charitable purpose; or where there is a permanent but discretionary division of the trust fund between a charitable purpose which is lawful and a noncharitable purpose which is not. For instance, had the testator here clothed his trustees with power to permanently divide the income in question as they saw fit between an educational purpose and his relatives and

their descendants by blood or marriage, the trust might fail for uncertainty and as violative of the rule against perpetuities. That, however, is not this case; here, the testator's paramount purpose was the creation of a permanent trust for educational purposes, while the power given the trustees to extend assistance to his needy relatives out of the income was incidental. At most it would leave the corpus untouched and cause only a temporary infringement upon the income, which must cease and leave the trust in full force and entirely for educational purposes upon the death of the nephews and nieces; therefore, we are not prepared to hold that such possible temporary use of income works the destruction of so worthy and permanent a charity. If it does, then a like power of relief in favor of testator's eighty-two-year-old brother, would have the same effect. A permanent charitable trust should not be stricken down because of a power given the trustee to temporarily divert income therefrom to a noncharitable purpose. Where the general trust is for a charity it will be given effect, although some particular [minor] purposes to which the fund may be applied are not strictly charitable: 11 C. J. 330; 5 R. C. L. p. 342.

Of course, the rule against perpetuities does not apply to a charitable trust, but it is urged that the provision for nephews and nieces may tie up the fund for more than twenty-one years after the death of those in being during the life of testator. This is based on the contention that the provision includes after-born nephews and nieces, but in our opinion it does not. The general rule is that a will speaks as of the date of testator's death and, unless it provides otherwise, the beneficiaries are to be determined as of that time. In the language of Mr. Justice POTTER, in Tatham's Est., 250 Pa. 269, 276: "That the class described as testator's 'heirs,' to whom a remainder or executory interest is given by a will, are to be ascertained at the death of the testator, is admittedly the general rule. This is so well recognized

that nothing but the expression of a clear intention to the contrary in the will can be allowed to alter the rule;" citing numerous cases. In Murphey's Est., 276 Pa. 498, the Chief Justice says: "A devise or bequest to heirs-at-law of a testator, or to his next of kin, will be construed as referring to those who are such at the time of testator's decease, unless a different intent is plainly manifested by the will." Schouler on Wills, etc., vol. 2 (6th ed.), section 1016, states the general rule: "Testator has a right to fix a time other than his death, when the members of a class are to be ascertained but where nothing appears to the contrary the members of the class will be ascertained as of the date of the death of the testator and it is the universal rule that the class is determined as of the time of the death of the testator rather than of the execution of the will." So, "Persons born after the death of the testator cannot take under a legacy to a class, unless there is a fixed period for the distribution other than that of the testator's death:" 28 R. C. L. p. 261. Numerous other authorities of like import might be cited; it is uniformly true in gifts to a class unless a definite later date is fixed for distribution, and here there is none; as the period is indefinite, those only take who are in esse at the testator's death: Myers v. Myers, 2 McCord's Ch. 214, 16 Am. Dec. 648; see also 40 Cyc. 1481. There is nothing to take this case out of the general rule above stated, that the members of the class must be determined at testator's death, and only such individuals thereof, if any, as come or may come within the terms of the will can receive any benefit thereunder.

We concede the legal possibility of children being born to parents of any age (List v. Rodney, 83 Pa. 483), yet, as testator's two brothers, one eighty-two and the other seventy-seven years of age and a sister-in-law seventy-five years of age, were the only persons whose after-born children would be testator's nephews and nieces, while not controlling, is a fact which lends

**342**          WRIGHT'S ESTATE.

strength to the conclusion that the testator had in mind merely the nephews and nieces then in being. So construing the will, there is no possibility of a violation of the rule against perpetuities; and, if reasonably possible, a will should always be so construed as to make its provisions legally effective: Anderson's Est., 269 Pa. 535; McClellan's Est., 221 Pa. 261.

The decree is affirmed and appeal dismissed at the cost of appellant.