A. J. HARVEY, *Appellant,* v. H. C. FISHER AND D. B. LYNN, *Appellees.*

## Division B.

## Opinion Filed March 17, 1927.

1. Section 3518, Revised General Statutes of Florida, designates no specific time within which a person entitled to acquire a lien, not in privity with the owner may give notice thereof, but since the owner's liability is. dependent on the amount due by the owner to the contractor at the time of the service of the notice, the date of the service of the notice is left to the discretion of the lienor, so long as served before the expiration of the time limit designated by statute.

2. The lien acquired under Section 3518, Revised General Statutes of Florida, is a statutory one grounded on the notice required thereby and is perfected by compliance with certain prescribed requirements. A bill to foreclose such a lien which does not show substantial compliance with all requirements of the notice is demurrable.

An Appeal from the Circuit Court for Alachua County; A. V. Long, Judge.

Affirmed.

*J. C. Adkins,* for Appellant;

No appearance for Appellees.

TERRELL, J.—This is a suit to foreclose a statutory lien by one not in privity with the owner as authorized by Section 3518, Revised General Statutes of Florida. A demurrer on the sole ground of want of equity in the bill was sustained and appeal was taken from that order.

For the disposition of this case the pertinent part of Sec-

tion 3518, Revised General Statutes of Florida, is as follows:

"A person entitled to acquire a lien, not in privity with the owner, as aforesaid, shall acquire a lien upon such owners' real or personal property as against him, and persons claiming through his death, and purchasers and creditors with notice, by the delivery to him, or his agent, of a written notice that the contractor or other person for whom the labor has been performed, or the materials furnished, is indebted to the person performing the labor or furnishing the material in the sum stated in the notice; but if a person who is performing or is about to perform, by himself or others, labor, or is furnishing or is about to furnish materials shall so desire, he may deliver to the owner, or his agent, a written cautionary notice that he will do certain work, or will furnish certain materials or both.  A lien shall exist from the time of the service of the notice for the amount unpaid on the contract of and by the owner to the contractor or the person for whom the work was done or the materials furnished.

Such service shall also create a personal liability against the owner of the property in favor of the lienor giving such notice for the amount due him as aforesaid, but not to a greater extent than the amount of such original contract."

Inspection of the statute so quoted discloses that it provides a lien in favor of one not in privity with the owner by giving written notice to the owner or his agent of the sum due for labor and materials furnished or in the event such person not in privity with the owner is furnishing or is about to furnish labor or materials or both and so desires he may deliver to the owner or his agent a written cautionary notice that he will furnish such labor and materials or both and a lien shall exist from the date of the service

of the notice for the amount unpaid on the contract of and by the owner to the contractor.

In either event the statute designates no specific time the notice shall be given, but since the owner's liability is dependent on the amount due by the owner to the contractor at the time of the service of the notice, the date of the service of the notice is left to the discretion of the lienor, so long as served before expiration of the time limit designated by statute. If he delays making such service till nothing remains unpaid on the contract he derives no protection under this statute. Stringfellow v. Coons, 57 Fla. 158, 49 So. 1019.

The lien involved here is a statutory one grounded on the notice which is perfected by compliance with certain prescribed requirements. Substantial performance of all these requirements must be shown before the lien is acquired. Langford v. South Florida Lumber & Supply Co., 63 Fla. 484, 59 So. 12. The allegations of the bill show sufficiently the giving and recording of a notice but neither the notice nor the contents of it was included in the bill.

Since the notice is the basis of the lien and the bill does not show that a proper notice was given a demurrer for want of equity in the bill was properly sustained. The decree of the Chancellor is therefore affirmed.

WHITFIELD, P. J., AND BUFORD, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.