THE PINE SCHOOL ASSOCIATION, a Corporation; NAN E. COPELAND, a widow; and J. K. SHINN AND COMPANY, a Corporation, *Appellants*, v. J. M. BREWER, *Appellee*.

En Banc.

Opinion filed June 7, 1930.

*Dame & Rogers,* for Appellants;

*Dewey Crawford,* for Appellee.

MATHEWS, Commissioner:

This is a suit to foreclose an alleged labor and material man's lien, by one not in privity with the owner.

A general demurrer to the bill was overruled, and defendants appealed.

Section 5381, Comp. Gen. Laws of Florida, 1927, (Sec. 3518 Rev. Gen. Stats., 1920) provides:

"A person entitled to acquire a lien, not in privity with the owner, * * * shall acquire a lien upon such owner's real or personal property as against him, and persons claiming through his death, and purchasers and creditors with notice, by the delivery to him, or his agent, of a written notice that the contractor or other person for whom the labor has been performed, or the materials furnished, is indebted to the person performing the labor or furnishing the materials in the sum stated in the notice."

Section 5381, *supra,* also provides:

"If a person who is performing or is about to perform by himself or others, labor, or is furnishing or is

about to furnish materials shall so desire, he may deliver to the owner, or his agent, a written cautionary notice that he will do certain work, or will furnish certain materials, or both.''

Section 5381, *supra,* further provides:

''A lien shall exist from the time of the service of the notice for the amount unpaid on the contract of and by the owner to the contractor or person for whom the work was done or the material furnished.   *   *   *

''*   *   *   Any purchaser or creditor whose title, interest, lien or claim in or to the property shall be created or shall arise while the construction or repair of such property as aforesaid is in progress shall be deemed and held to be a purchaser or creditor with notice.''

The bill alleges performance of labor and furnishing of material by complainant upon the real estate involved herein, and that said labor was performed and said materials furnished the contractor under a continuing contract beginning with February 1, 1926, and ending January 29, 1927.   It appears from the allegations of the bill that all of the defendants are purchasers and creditors with notice. The bill neither alleges delivery to the owner or his agent · of a written cautionary notice that complainant would do certain work or would furnish certain materials or both, nor does it allege delivery to the owner or his agent of a written notice that the contractor was indebted to the complainant in any sum whatever.   It is not made to appear that any amount is due the contractor by the owner on account of the improvements made by the contractor.

''The lien acquired under Section 3518, Rev. Gen. Stats. of Florida, (Section 5381, Comp. Gen. Laws of

Florida, 1927) is a statutory one grounded on the notice required thereby and is perfected by compliance with certain prescribed requirements. A bill to foreclose such a lien which does not show substantial compliance with all requirements of the notice is demurrable." Harvey v. Fisher, 93 Fla. 587, 112 So. R. 560.

"A bill filed by a sub-contractor to enforce his lien, not praying discovery, but alleging facts upon which such lien is claimed, which does not make it appear. that at the time of the service of the notice· required by Sec. 1743, Rev. Stats. (Sec. 3518, Rev. Gen. Stats, 1920, Sec. 5381 Comp. Gen. Laws of Florida, 1927) any amount was due the contractor by the owner on account of the improvements made by the contractor for such owner, is demurrable." Hathorne v. Panama Park Co., 44 Fla. 194, 32 So. R. 812.

The order overruling the demurrer is hereby reversed with leave to amend the bill within such reasonable time as may be fixed by the circuit judge, in default whereof the case will be dismissed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the order of the court below overruling the demurrer should be and the same is hereby reversed with leave to amend the bill within such reasonable time as may be fixed by the Circuit Judge, in default whereof the case will be dismissed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN, AND BUFORD, J. J., concur.