**ALICE S. PATTILLO**, a widow, v. **THOMAS K. GLENN**, as Surviving Trustee of the Trust under the Will of John T. Hall, deceased, et al.

**THOMAS T. COBB**, as Administrator, Etc., v. **THOMAS K. GLENN**, as Surviving Trustee of the Trust under the Will of John T. Hall, deceased, et al.

7 So. (2nd) 328                                         Division A
March 6, 1942              Rehearing Denied March 31, 1942

74

Curtis Basch and P. W. Harvey, for appellant, Alice S. Pattillo, and Thomas T. Cobb and Cobb, Cobb & McEntire, for cross-appellant.

Green & West, Roger H. West, Spalding, Sibley, Troutman & Brock (Atlanta, Georgia) and Pope F. Brock (Atlanta, Georgia) for appellee.

J. Tom Watson, Attorney General, Lawrence A. Truett, Assistant Attorney General, and Tiffany Turnbull. Special Assistant Attorney General, as Amicus Curiae.

WHITFIELD, J.:

The will of John T. Hall, a citizen of Florida, dated November 22, 1924, contains the following:

### "Item Two

"I will and bequeath all of my household and kitchen furniture, furnishings and effects, both useful and ornamental, including my wearing apparel, personal belongings, articles of adornment, etc., to my beloved wife, Margaret C. Hall.

### "Item Three

"One-half of my estate not disposed of by Items One and Two of this Will, both real and personal and wheresoever the same may be situated, I give, be-

queath and devise to my beloved wife, Margaret C. Hall, absolutely and in fee simple.

"Item Four

"The other one-half of my estate not disposed of by Items One and Two of this Will, both real and personal and wheresoever the same may be situated, I give, bequeath and devise to Thomas K. Glenn, of the City of Atlanta, Georgia, and my wife Margaret C. Hall, as co-Trustees, subject to the following limitations, benefits, uses and trusts, to-wit: Said Trustees are directed to pay the net income derived from such trust estate to my said wife for and during her natural life, or during her widowhood.

"Upon the death or remarriage of my wife, the entire net income derived from said trust estate, or such of it as she may not have disposed of in her will, shall be lent by the surviving Trustee to boys and girls who are anxious to obtain an education and because of lack of means, unable to do so, and as such Trustee shall select; such boys and girls to be educated at the Berry School, or such other School or Schools as the Trustee may select in his discretion. On the recommendation of the Principal then in charge of the Berry School, or other School where any boys or girls are educated under this trust, when any such boy or girl shall have finished a course in such School, that such boy or girl so named in such recommendation desires to receive and is capable of receiving a college education, the expenses of such college education shall also be paid out of such trust fund. Notes shall be taken for the amounts furnished, bearing interest at the rate of five (5%) per cent.,

maturing on or before five (5) years from the date of finishing the education of such boys and girls, whether in a lower school or in college.

## "Item Five

"I hereby nominate and appoint Thomas K. Glenn, of Atlanta, Georgia, and my wife, Margaret C. Hall, as Executors of this will.

## "Item Six

"I hereby give and grant unto the said Thomas K. Glenn and my said wife, or the survivor of them, or successors, while acting either as Executors of this Will or as Trustees hereunder, complete right and power, from time to time, as they may think necessary and deem best, to sell any property, real or personal, at the time belonging to my estate, or the said trust estate, either at public or private sale, and at such prices and upon such terms as they think best; without previously procuring any order of Court authorizing them so to do. And I further give and grant unto the said Thomas K. Glenn and my said wife, or the survivor of them, or successors, while acting either as Executors of this Will or as Trustees hereunder, full and complete power and authority to invest the proceeds of any sale which may be made by them, or funds derived from other sources, in any other property, either real or personal, that they may think best."

Thomas K. Glenn, a resident of Georgia, and Margaret C. Hall, wife of the testator, were appointed executor and executrix, and also trustees under the will. They qualified and acted as such. The widow

executrix and trustee died July 22, 1938, leaving Thomas K. Glenn, surviving trustee.

The will of Margaret C. Hall, Widow of John T. Hall, dated June 13, 1938, after making numerous bequests, contains the following:

"Twenty-Second: I give, devise and bequeath all the rest, residue and remainder of my property, estate and effects, real or personal, which I may now own or may hereafter acquire and have power to dispose of at my decease, of whatsoever kind and wheresoever situated, to James Carlton, Emily Carlton, Catherine Carlton and Maude Evins, their heirs and assigns, share and share alike, absolutely and in fee simple.

"Twenty-third: I hereby nominate, constitute and appoint William M. Cobb, of Daytona Beach, Florida, to be the Executor of this my last Will and Testament.

"Twenty-Fourth: I direct that all estate, transfer, inheritance or succession taxes that shall be imposed or levied against my estate or against any devise or bequest herein, or against any devisee or legatee on account of such devise or bequest, shall be paid out of my residuary estate."

On May 22, 1940, Alice S. Pattillo, a sister of Margaret C. Hall and a beneficiary in the will of Margaret C. Hall, filed an amended bill of complaint in a suit against Thomas K. Glenn, as surviving trustee under the will of John T. Hall and against those claiming the residuary devise in the will of Margaret C. Hall and Thomas T. Cobb as administrator cum testamenta annexa de bonis non of the estate of Margaret C. Hall, deceased. Among other things the bill of complaint prayed for the appointment of a personal representative of the Estate of

John T. Hall, deceased, as administrator *ad litem* in this proceeding; that the will of John T. Hall, deceased, be construed by decree and the validity of the trust created by such will and the trust fund be distributed so that plaintiff be entitled to one-third thereof and defendants James E. Carlton, Maude C. Evins, Emily C. Skeen and Catherine C. Craig, be entitled to the remaining two-thirds thereof. Other incidental relief is prayed.

Defendant Thomas T. Cobb, as administrator cum testamento annexo de bonis non of the Estate of Margaret C. Hall, deceased, moved to dismiss the amended bill of complaint on grounds challenging the right of plaintiff to maintain the suit and the equity of the bill of complaint.

Defendant Thomas K. Glenn, as surviving trustee under the will of John T. Hall, deceased, filed a motion to dismiss going to the equities of the amended bill of complaint.

Thomas T. Cobb, as administrator *cum testamento annexo de bonis non* of the estate of Margaret C. Hall, deceased, and as administrator *ad litem* of the estate of John T. Hall, deceased, filed a crossbill against Alice S. Pattillo, Thomas K. Glenn, as surviving trustee under the will of John T. Hall, deceased, and the claimants of the residuary devise in the will of Margaret C. Hall. The cross-bill prayed relief in favor of the claim that the will of Margaret C. Hall, deceased, exercised the power of appointment granted under the will of John T. Hall, deceased, or that the trust under the will of John T. Hall, deceased, is null, void, and invalid; and for incidental relief.

Alice S. Pattillo, cross-defendant, filed a motion to dismiss the cross-bill, on grounds, in effect, that the

amended bill of complaint presents the matters at issue.

Thomas K. Glenn, as surviving trustee under the will of John T. Hall, deceased, filed a motion to dismiss the cross-bill on grounds going to the merits of the cause.

In the final decree, rendered July 16, 1941, the chancellor made an illuminative statement of the cause and his conclusions on the issues and concluded as follows:

"The Court exercising its jurisdiction on the cross bill of Thomas T. Cobb, as Administrator, C. T. A. d. b. n., of the will and estate of Margaret C. Hall, deceased, for the purpose of interpreting and construing both the last will and testament of John T. Hall, deceased, and the last will and testament of Margaret C. Hall, deceased, it is, thereupon, Ordered, Adjudged and Decreed:

"1. That Thomas T. Cobb, as Administrator C. T. A., d. b. n., of the estate of Margaret C. Hall, deceased, and administrator ad litem of the estate of John T. Hall, deceased, is not entitled to any relief except to have the said wills interpreted and construed.

"2. That Margaret C. Hall in paragraph 22 of her last will and testament did not exercise any power of appointment which may have been granted to her by the last will and testament of John T. Hall, deceased.

"3. That the trust created by Item 4 of the last will and testament of John T. Hall, deceased, is a good and valid charitable trust and the cross defendant, Thomas K. Glenn, as surviving trustee of said trust, is hereby ordered and directed to administer

said trust as provided by and in accordance with the terms of said will of John T. Hall, deceased.

"4. That the amended bill of Alice S. Pattillo is without equity and is hereby dismissed at the cost of said plaintiff."

Alice S. Pattillo and Thomas T. Cobb, as Administrator *cum testamento annexo de bonis non* of the Estate of Margaret C. Hall, deceased, and as Administrator *ad litem* of the Estate of John T. Hall, deceased, each appealed from the final decree.

A full consideration of the issues and the arguments thereon leads to the conclusion that the provisions in Item Four of the Will of John T. Hall established a trust fund consisting of one-half of testator's estate.

That the provision that the trustee of the trust fund "are directed to pay the net income derived from such trust estate to my wife for and during her natural life, or during her widowhood," gives to the wife a beneficial interest in all the "net income derived from such trust estate" *to the date of her death,* which "net income" she could dispose of by will as provided in the next sentence in Item Four of the Will of John T. Hall.

The succeeding provision of Item Four of the Will is that "Upon the death or remarriage of my wife, the entire net income derived from said trust estate, or such of it as she may not have disposed of in her will, shall be lent by the surviving Trustee to boys and girls who are anxious to obtain an education and because of lack of means, unable to do so, and as such Trustee shall select; such boys and girls to be educated at the Berry School, or such other School or Schools as the Trustee may select in his discretion. On the recommendation of the Principal then in charge

of the Berry School, or other School where any boys or girls are educated under the trust, when any such boy or girl shall have finished a course in such School, that such boy or girl so named in such recommendation desires to receive and is capable of receiving a college education, the expenses of such college education shall also be paid out of such trust fund. Notes shall be taken for the amounts furnished, bearing interest at the rate of five (5%) per cent., maturing on or before five (5) years from the date of finishing the education of such boys and girls, whether in a lower school or in college."

Such provisions establish a valid and operative charitable trust that may be administered under the continuing control and direction of a court of equity to the end that the purpose of the testator may be accomplished if legally possible under applicable rules of law controlling as to the administration and ultimate use of the trust fund in such cases. See Lewis v. Gaillard, 61 Fla. 819, 56 So. 281; Sheldon v. Powell, 99 Fla. 782, 128 So. 858; Jordan v. Landis, 128 Fla. 604, 175 So. 241; 3 Scott on Trusts, Sec. 370, pp. 1981-1982; Matter of Robinson, 203 N. Y. 380, 96 N.E. 925, 927; Vanderbilt University v. Mitchell, 162 Tenn. 217, 36 S.W. (2nd) 83.

The expense reasonably incurred in the administration of the trust fund including, if any, the expenses incident to control by equity courts, may be allowed by the courts to be paid from the trust fund; and it does not appear that the fund will necessarily be unduly increased. No accumulations are *required* to be added to the principal indefinitely and without limit, and the beneficiaries are a designated class of persons not particular individuals; and this is a charitable

trust and not a private trust, where the rule against perpetuities may be applied. See Holsey v. Atlantic National Bank of Jacksonville, 115 Fla. 604, 155 So. 821; See Restatement of the Law of Trusts, Vol. 2, Ch. 11. Sec. 370 (d); In re Wright's Estate, 284 Pa. 334, 131 Atl. 188, 189.

The provision in the will of Margaret C. Hall: I give, devise and bequeath all the rest, residue and remainder of my property, estate and effects, real or personal, which I may now own or may hereafter acquire and have power to dispose of at my decease, of whatsoever kind and wheresoever situated to James Carlton," etc., is manifestly not an attempt to, nor does it show an intent to, exercise any power of appointment, even if it had been given her by her deceased husband's will, to dispose of any part of the *corpus* of the trust property in which she had a beneficial interest to the extent of the net income from such trust estate during her natural life or during her widowhood. The provision in Item Four of John T. Hall's Will that "upon the death or remarriage of my wife; the entire net income derived from said trust estate or such of it (meaning the 'entire net income') as she may not have disposed of in her will," did not give Margaret C. Hall authority to dispose of any part of the *corpus* of the trust fund "in her will." And the provision in the Twenty-Second Item of the Will of Margaret C. Hall relating to a residuary devise of property, "which I may now own or may hereafter acquire and have power to dispose of at my decease," has reference to any "net income derived from such trust estate," that should be payable to her during her natural life, which she clearly had authority to "dispose of in her will," by the terms of the will

creating the trust. See De Pass v. The Kansas Masonic Home Corporation, 132 Fla. 455, 81 So. 410, Head Note 7.

The terms of John T. Hall's will do not require a mandatory and indefinite accumulation of interest to unduly enhance the principal of the trust fund. There may be losses from non-payment of interest or of principal which would deplete the trust fund instead of unduly increasing it; and the administration of the trust funds under conditions as they may exist from time to time, is subject to the control of the equity courts. Unless the trust is clearly illegal or offensive or contrary to public policy or is wholly unsuited to any legal application to comply in some substantial and permissable way with the testator's intent, the trust should not prematurely be decreed to be null, void and illegal, but should be allowed to operate if it can under the control of equity as to its administration or ultimate disposition, where there is no statute or controlling rule of law regulating the subject to be enforced by the courts. This is a charitable trust and should be interpreted and administered to accomplish the intent of the testator, subject to equity control, when it is not clear that the intent of the testator or the operation of the trust will inevitably violate some controlling law relating to unlawful accumulations or other pertinent regulatory provisions. See Lewis v. Gaillard, 61 Fla. 819, 56 So. 281; Sheldon v. Powell, 99 Fla. 782, 128 So. 858; Jordan v. Landis, 128 Fla. 604, 175 So. 241; See also 3 Scott on Trusts, Sec. 370.5, pp. 1986-1987; 2 Bogert on Trusts & Trustees, Sec. 365, pp. 1114-1115; Vanderbilt University v. Mitchell, 162 Tenn. 217, 36 S.W. (2nd) 83.

Affirmed.

BROWN, C. J., BUFORD, and ADAMS, JJ., concur.