Zimmerman, J.
Although the precise problem now engaging the attention of this court is whether the Court of Appeals was correct in retaining the cause for disposition on questions of law alone, we think it at least appropriate and expedient to discuss and *414 decide the following question:
Does this action for a declaratory judgment present justiciable issues cognizable by the Probate Court in the first instance and, if so, are the matters which the Court of Appeals is asked to decide of an equitable nature constituting a chancery case, thus requiring that court to entertain the appeal on questions of law and fact ?
If the first part of the above question is answered in the affirmative, the Probate Court of Franklin County was the proper forum. The will of Juliette Sessions had been admitted to probate in that court, her estate was being administered there, and Frank L. Sessions was acting as trustee under appointment by such court.
By the terms of Section 10501-53, General Code (Section 2101.24, Eevised Code), the Probate Court is given jurisdiction to construe wills, to render declaratory judgments and to direct and control the conduct of fiduciaries. That section provides further :
“The Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute.”
Although Frank L. Sessions, as trustee, might have brought an action under Section 10504-66, General Code (Section 2107.46, Eevised Code), to ascertain his rights and duties as trustee under item VIII of Juliette Sessions’ will, he was interested and concerned as both trustee and as an individual and resorted to Section 12102-4, General Code (Section 2721.05, Eevised Code), contained in the chapter on declaratory judgments, which authorizes any person interested in the administration of a trust or in the estate of a decedent to have a declaration of rights or of legal relations with respect to directing the execu *415 tors, administrators, trustees or other fiduciaries to do or abstain from doing any particular act in their fiduciary capacity, or to have determined any question arising in the administration of the estate or trust, including questions respecting the construction of wills and other writings.
Under the decisions of this court, Prank L. Sessions, as trustee and individually, was authorized to seek relief under the Declaratory Judgments Act. See American Life & Accident Ins. Co. of Ky. v. Jones, Admr., 152 Ohio St., 287, 295, 89 N. E. (2d), 301, 306, 14 A. L. R. (2d), 815.
Does the fact that Prank L. Sessions chose the Declaratory Judgments Act as a remedy control the character of appeal he might prosecute from an adverse judgment in the trial court? We do not think so.
It has been observed that an action for a declaratory judgment is sui generis in the sense that it is neither one strictly in equity nor one strictly at law; it may possess attributes of both. Although declaratory judgment actions had their origin in controveries peculiar to equity, such an action may be utilized in a matter which is strictly legal. A declaratory judgment action creates no new or substantive rights, it is purely a procedural remedy, and in determining the issues presented such principles of law or of equity may be invoked as are appropriate. When such an action partakes of equity it calls for the application of equitable principles and when it partakes of an action at law it utilizes any available legal principles necessary to dispose of the issues. See Borchard on Declaratory Judgments (2 Ed.), 237 et seq.
In 1 Anderson on Actions for Declaratory Judgments (2 Ed.), 576, Section 248, it is remarked:
“Equitable powers of courts are exercised in declaratory actions in harmony with the undoubted modern drift and tendency of the courts in dealing with *416 matters presented to them through the instrumentality of a declaratory judgment action. It has been laid down that in connection with actions for a declaratory relief, the court has the broad and comprehensive powers of the courts of equity; in the light of the modern opinions of the courts in dealing with this procedural statute it is submitted that this holding is una-ssailable.”
In 3 Bogert on Trusts & Trustees, 472, Section 559, the author states:
“It is elementary that either the trustee or any other party having a financial interest in the trust may obtain from an appropriate court a construction of the trust instrument, and consequently advice as to the exact extent of the powers and duties of the trustee, where there is doubt on the subject. This jurisdiction of the court is frequently expressly set forth in statutes giving the court of general jurisdiction power to construe wills or other instruments which create trusts or conferring on the Probate Court a similar authority with regard to wills. The declaratory judgment acts which have been adopted to a considerable extent in recent years also vest in certain courts this power of construction.
“ ‘Equity has jurisdiction over all matters relating to trust property, and in the execution and administration of the trust, in all cases of doubt as to their rights and liabilities and what their conduct should be, trustees are entitled to and should seek instruction and direction from the court.’ ” See, also, 1 Bogert on Trusts & Trustees, 6, Section 1.
Likewise, 4 Pomeroy’s Equity Jurisprudence (5 Ed.), 179, 180, Section 1064, has the following to say:
“Wherever there is any bona fide doubt as to the true meaning and intent of the provisions of the instrument creating the trust, or as to the particular *417 course which he ought to pursue, the trustee is always entitled to maintain a suit in equity * * # and obtain a judicial construction of the instrument, and directions as to his own conduct. * * *
“Among the instances where a suit for a judicial construction is proper is that of a will creating trusts, or giving property in trust. * * * ”
The present action is concerned with trust affairs. A declaration by the court is sought as to rights and obligations with respect to the termination of a trust involving testatrix’s interest in real property and the creation of a new trust in favor of the named beneficiaries by the substitution of a sum of money for the real property.
In the petition it is asserted that there are differences between Frank L. Sessions and The Columbus Gallery of Fine Arts and The Ohio Student Loan Foundation as to the rights of the latter two upon discontinuance of the testamentary trust. established for them by the will of Juliette Sessions and the substitution of a sum, in trust, “which at five per cent (5%) will yield the annuities hereinafter granted” — $5,000 per annum to The Columbus Gallery of Fine Arts and “the remainder of the income” to The Ohio Student Loan Foundation for loans to women students.
The petition alleges further:
“The plaintiff, Frank L. Sessions, desires to exercise his right to discontinue the testamentary trust created by said will, pursuant to item VII1-A thereof, if under the declaration, judgment and decree of this court in this action and proceeding, the conditions pertaining to said discontinuance of said testamentary trust and the rights of said Frank L. Sessions, or his heirs, in and to said real estate described, defined and provided in said will, are as said Frank L. Sessions understands the terms of said will to provide.
“The opposing contentions of the parties hereto *418 aforesaid are based upon their respective construction and interpretation of the said will and codicil of Juliette Sessions, deceased.” (Emphasis supplied.)
It will thus be seen that the petition sets out a present and very real dispute among those interested concerning the intent of the testatrix in the language she used in item VTII of her will, and a desire on the part of Frank L. Sessions to exercise the right to discontinue the testamentary trust according to his interpretation of the conditions imposed, followed by the request that the court make a declaration in conformity with his interpretation.
Section 11345, General Code (Section 2309.40, Revised Code), carries the injunction that “the allegations of a pleading shall be liberally construed, with a view to substantial justice between the parties.” Hence, the courts of Ohio have often declared in a variety of ways that pleadings must be construed liberally in favor of the pleader to promote and facilitate the statement of a cause of action or defense. 31 Ohio Jurisprudence, 583, Section 49; Heidle v. Baldwin, 118 Ohio St., 375, 381, 161 N. E., 44, 46, 58 A. L. R., 1186.
Applying such rule, the words, “desires to exercise his right to discontinue the testamentary trust,” as used in the petition may and should be treated, not as indicative of some possible contemplated action at a future time, but as the expression of a present purpose and intent to act. See Detwiler v. Capone, 357 Pa., 495, 55 A. (2d), 380.
The petition was met by the answer and cross-petition of The Ohio Student Loan Foundation, which challenges Frank L. Sessions’ interpretation of item VIII of the will, alleges that the foundation is a beneficiary entitled to recognition, and propounds questions which if answered in a certain way and according to the foundation’s hopes would be to its advantage.
*419 No pleading was filed contesting the propriety of the action for a declaratory judgment. The Probate Court exercised jurisdiction and made a declaration as to the rights of the beneficiaries of the trust provision and the obligations of Frank L. Sessions, or his heirs, in the exercise o'f the privilege accorded to terminate the testamentary trust.
The remedy afforded by the Declaratory Judgments Act is to be liberally construed and freely applied. Section 12102-12, General Code (Section 2721. 13, Revised Code).
Thus, the following statement is made in 1 Anderson on Actions for Declaratory Judgments (2 Ed.), 492, Section 221:
“It is a sound rule of law that a declaratory proceeding may be maintained to construe a will, even if no present action is necessary, if the plaintiff’s pleading presents an actual controversy between adverse parties seeking a determination of their legal rights.”
And in 2 Scott on Trusts, 1465, Section 259, the remark is made:
“A trustee is not compelled to act at his peril in the administration of the trust. He need not act first and discover later whether his act was in breach of trust. He is entitled to the instructions of the court as a protection.”
There can hardly be dissent from the proposition that The Columbus Gallery of Fine Arts and The Ohio Student Loan Foundation are charitable organizations and that the trust created in their favor by the will of Juliette Sessions constitutes a charitable trust.
In the famous case of Commissioners for Special Purposes of Income Tax v. Pemsel, A. C. (1891), 531, 583, Lord Macnaghten said:
“ ‘Charity’ in its legal sense comprises four principal divisions: Trusts for the relief of poverty; trusts for the advancement of education; trusts for the advancement of religion; and trusts for other purposes *420 beneficial to the community, not falling under any of the preceding heads.”
A trust established to aid a museum or art gallery comes within the definition of a charitable trust (2A Bogert on Trusts & Trustees, 117, Section 374), and the same is true of a trust established to assist students to obtain an education by loaning them money. 2A Bogert on Trusts & Trustees, 114, Section 374; Pattillo v. Glenn, Trustee, 150 Fla., 73, 7 So. (2d), 328; Champlin, Exr., v. Powers, Atty. Genl., 80 R. I., 30, 90 A. (2d), 787, 33 A. L. R. (2d), 1176; In re Pierce’s Estate (Iowa), 60 N. W. (2d), 894, 902; annotation 33 A. L. R. (2d), 1183.
Finally, in the case of Gearhart v. Richardson, 109 Ohio St., 418, 142 N. E., 890, this court held in the first paragraph of the syllabus:
“An action construing a will creating a charitable trust is equitable in nature, and is, therefore, a chancery case within the meaning of Section 6, Art. IY, of the Constitution of Ohio, as amended September 3, 1912, and appeal lies to the Court of Appeals from a decree terminating such trust.”
We conclude that the present action for a declaratory judgment was properly brought and presents justiciable issues. It involves a testamentary trust affecting charitable organizations, it is of an equitable nature constituting a chancery case, and it is properly appealable to the Court of Appeals on questions of law and fact.
Therefore, the judgment of the Court of Appeals is reversed and the cause remanded to that court for hearing and determination as an appeal on questions of law and fact.

Judgment reversed.

Weygandt, C. J., Haet and Bell, JJ., concur.
*421 Matthias, Stewart and Taft, JJ., dissent only for the reasons stated in the dissenting opinion in the case of Bradford et al., Admrs., v. Micldethwaite, ante, 301.