190 So.2d 56 (1966)
Francis BROWN and Joseph Brown, Appellants,
v.
Marie Deppe SAAKE, and Rose Marie Kalinski Sforza, As Executrices of the Estate of John M.H. Brown, Deceased, Genevive Kalinski, Helen Deppe, Joseph Brown, Thomas Brown, Matthew Brown, Rose C. Sutter, St. Mary's Catholic Church of Port Richmond, and Bishop Fulton J. Sheen, As National Director Society for the Propagation of the Faith, Appellees.
No. 6539.
District Court of Appeal of Florida. Second District.
July 29, 1966.
Rehearing Denied October 6, 1966.
*57 Stuart B. Warren, St. Petersburg, and Kenneth W. Cleary, Bradenton, for appellants.
Paul Roney and William H. Carey, St. Petersburg, for appellees.
MOODY, JAMES S., Associate Judge.
This appeal involves the construction of a charitable trust provision of the last will and testament of John M.H. Brown, deceased. The will was duly filed for probate and the Executrices, MARIE DEPPE SAAKE and ROSE MARIE KALINSKI SEORZA, appellees herein, filed their complaint for declaratory decree to construe the terms of the will. All devisees, legatees and heirs were joined as defendants. Answers were filed by all parties claiming an interest in the trust estate, namely, FRANCIS BROWN and JOSEPH E. BROWN, sons and heirs at law of the decedent and appellants herein, BISHOP FULTON J. SHEEN, as National Director, Society for the Propagation of the Faith, appellee, and ST. MARY'S CATHOLIC CHURCH of Port Richmond, appellee.
The will, a form will, apparently completed by decedent without benefit of counsel, provided as follows:
"FIRST. I direct that all my just debts and funeral expenses be paid by my Sister Genevieve (sic) and Helen.

 Second. 254 Shares of Eastman Kodak
 165 " " Socony Mobil
 20 " " DuPont

be put in a trust fund name of which shall be (THE MATHEW (sic), JOHN and ROSE ANNE BROWN FUND)
All other stocks shall be given out right in equal amount to, MARGARET JOSEPH and FRANCIS BROWN, providing that they do not interfere with my Funeral arrangements to be buried with my Father and Mother by my Sisters they to pay all expense by provisions made for them.
All my Personal belongings are to be given to my Brothers, JOSEPH, THOMAS and MATTHEW, to do with as they chose (sic).
Distribution of trust fund Dividends,
50% to St. Marys Catholic Church of Port Richmond, N.Y., S.I.
25% to Bishop Sheen Propergation (sic) of the Faith
25% to be reinvested in trust fund."
The lower court held ineffective the provision requiring decedent's debts and funeral expenses to be paid by his sisters and ordered such items to be paid from the general assets of the estate. The court further found the provisions in Item 2 of the will established a valid trust as to the first 75% set forth therein specifically bequeathed to the named parties, but held the provision for *58 the accumulation of 25% of the net income invalid and void as violating the rule against perpetuities. There being no residuary clause, 25% of the principal of the trust fund was vested by the final decree in decedent's heirs, JOSEPH E. BROWN and FRANCIS BROWN.
The said JOSEPH E. BROWN and FRANCIS BROWN filed this appeal and pose the following questions:
Should the funeral expenses of decedent be paid from the general assets of the estate? We hold they should be so paid. Although the will directs decedent's sisters to pay these expenses, there is no provision in the will making any bequest to them, establishing any fund for the payment thereof nor any evidence that the sisters entered into any binding agreement obligating themselves for such items.
Appellants next question the validity of the trust. It is argued that the 25% accumulation provision is invalid as violating the rule against perpetuities, that the corpus and source of these funds are so intermingled with the remainder of the corpus that the entire trust must fall, be held invalid and the estate distributed to the heirs at law. On the other hand, the appellees, ST. MARY'S CATHOLIC CHURCH, etc. and BISHOP FULTON J. SHEEN, etc., by cross assignment of error, question the ruling of the lower court holding invalid the 25% accumulation provision.
The parties agree that the testator attempted to set up a public charitable trust. The basic question is whether or not the provision for 25% of the net income being retained as a part of the corpus violates either the rule against perpetuities or the rule against unlawful accumulation. We hold that it does not.
Under the rule against perpetuities, the vesting of an estate under a will must be within a life or lives in being and 21 years plus the period of gestation. The law favors the early vesting of estates and in the absence of a clear intention of the testator, estates are held to vest at the earliest possible date.
A vested estate does not necessarily include the right to possession. Any future estate must vest within the period fixed by the rule against perpetuities. Estates are either vested or contingent. An estate is vested if at all times during its continuance it becomes a present estate whenever or however the preceding freehold estate determines; it is an estate by which the present interest passes to a party, though possession and enjoyment may be in the future. An estate is contingent if, in order for it to become a present or vested estate, the fulfillment of some condition precedent other than the determination of the preceding freehold estate is necessary. Story v. First National Bank and Trust Company in Orlando, 115 Fla. 436, 156 So. 101.
If the will is acceptable of two constructions, one of which would turn it into an illegal perpetuity and the other make it valid and operative, the latter should be adopted. Every presumption should be indulged in favor of validity. It should be upheld unless it clearly violates some rule of law or public policy and, if possible, give effect to the intent of the testator. Story v. First National Bank and Trust Company in Orlando, supra.
Under the English common law as evolved from the early case of Thellusson v. Woodford, 11 Vesey, Jr., 112 (1805), and followed by the American courts, where the beneficial interests are vested but the trust instrument provides for the accumulation of the net income, generally such accumulation can't extend beyond the period specified in the rule against perpetuities. Simes and Smith, Second Edition, Law of Future Interests, Section 1464, 1465; Porter v. Baynard, 158 Fla. 294, 28 So.2d 890, 170 A.L.R. 747.
The law makes a marked distinction, however, between charitable trusts and private trusts. In either instance, *59 the estate must vest within a life or lives in being and 21 years, plus the period of gestation. A gift for charitable purposes being of a public permanent interest may be set up in a trust, be perpetual in its duration and not be within the rule against perpetuities. On the other hand, if the trust is dominantly private, then its period of enjoyment is limited to no longer than lives in being and 21 years, plus the period of gestation. 15 Am.Jur.2d Ed. 17; Porter v. Baynard, supra.
The case before us involves a charitable trust in which the testator established a vested estate in trust, the income therefrom to be used 75% for designated charities and 25% to be reinvested. There is no question but that the entire fund was intended to be used for said charitable purposes. Therefore, being for a charitable purpose, the rule against perpetuities is not applicable or violated as to duration. Although the trust estate is vested, does the provision for accumulation of 25% of the net income violate the rule against accumulation? Such a rule is applicable to private trusts, but this is not necessarily true as to charitable trusts. If the bequest is a vested interest, a provision for accumulation of the income is valid and will be effectuated so long as it is not unreasonable. Tumlin v. Troy Bank & Trust Co., 258 Ala. 238, 61 So.2d 817; Wardens, etc. of St. Paul's Church v. Attorney General, 164 Mass. 188, 41 N.E. 231; Reasoner v. Herman, 191 Ind. 642, 134 N.E. 276; Curtis v. Maryland Baptist Union Association, 176 Md. 430, 5 A.2d 836, 121 A.L.R. 1516; 15 Am.Jur.2d Ed. 26; Thurlow v. Berry, 247 Ala. 631, 25 So.2d 726; Reinstatement of Law of Trusts, 2d Edition, Section 401(K). Simes and Smith, The Law of Future Interests, 2d Ed. Section 1467.
In explaining the basis of this rule in Simes and Smith, supra, it is stated:
"`In the case of gifts to charities, the ordinary rule against accumulations does not apply, the only limitation being in the power of the court to take remedial measures should an unreasonable condition result.' The argument for this position is about as follows: Charities are favored by the court. The charitable trust is subject to the directions of the court of equity; and, if the accumulation should become unreasonable, the court has power to direct the trustee to disregard it. Thus, the charitable trust will be sustained, and objectionable features will be prevented by subjecting it to the control of the court. No American cases have been found where a provision for an accumulation for charity has been held void."
In considering the argument that the accumulation would become too great, the Alabama court stated in Tumlin v. Troy Bank & Trust Co., supra, 61 So.2d p. 824:
"But if it should be so administered as to be such a public menace a court of equity, under its powers of approximation or deviation sometimes called judicial cy pres, could then correct the evil in some manner not necessary to be here declared, to promote the charity specified dependent upon the situation then existing, but not by distributing it among the heirs.
"The authorities agree that a court of equity has such power whether it is called equitable deviation or judicial cy pres. 2 Perry on Trusts, section 728, page 1242."
In the early case, Wardens, etc. of St. Paul's Church v. Attorney General, supra, the court gave a very sound reason for the rule 41 N.E. p. 237:
"* * * in regard to this matter, one of three rules must be true: the accumulation must be valid forever, or it may be controlled by the court within reasonable and desirable bounds, or it must be subject to the same rules as an accumulation for private purposes. There is good reason to suppose that the rule last named should not apply, for, if the object is not subject to the rule against perpetuities there is no good reason why an accumulation for that object should be. It certainly *60 would be as much the policy of the law to favor an accumulation for charitable objects as to favor charitable objects. It often happens that the charitable purpose cannot be carried out without accumulation of a fund, sometimes for a long period of time."
Our own court has passed on this question in the case of Pattillo v. Glenn, 150 Fla. 73, 7 So.2d 328. In this case, the court construed the will of the testator establishing a trust, the net income of which was directed to be lent to needy students at 5% interest per annum. The court held this not to be unlawful accumulation and stated, 7 So.2d p. 332:
"* * * the administration of the trust funds, under conditions as they may exist from time to time, is subject to the control of the equity courts. Unless the trust is clearly illegal or offensive or contrary to public policy or is wholly unsuited to any legal application to comply in some substantial and permissible way with the testator's intent, the trust should not prematurely be decreed to be null, void and illegal, but should be allowed to operate if it can under the control of equity as to its administration or ultimate disposition, where there is no statute or controlling rule of law regulating the subject to be enforced by the courts. This is a charitable trust and should be interpreted and administered to accomplish the intent of the testator, subject to equity control, when it is not clear that the intent of the testator or the operation of the trust will inevitably violate some controlling law relating to unlawful accumulations or other pertinent regulatory provisions. (Citations.)"
It appears to this court that the principles of law enunciated above have been clearly established. However, there is one Florida case which should be discussed. In the case of Pelton v. First Savings & Trust Co., 98 Fla. 748, 124 So. 169, the court construed the validity of a trust provision of a will setting up a trust fund, one-half of the net income to be paid to the Hillsborough County Humane Society and the other one-half to be added to the corpus. The court sustained the validity of the trust as to the income payable to the Hillsborough County Humane Society but held the accumulation of one-half of the net income to be void as a perpetuity, vesting this share in decedent's widow and sole heir. The court did not consider whether or not the rule against accumulation was applicable to charitable trusts. To the contrary, this question was squarely presented and considered in the later case of Pattillo v. Glenn, supra, and such an accumulation for charitable trust approved. Again in Pelton, the court apparently held the corpus divisible but in the later case of Porter v. Baynard, supra, under similar facts, the court held the entire trust invalid as "the source of financial existence and income for the two funds are inextricably interwoven." There are other distinctions not necessary to enumerate here. The Pelton case is not considered applicable here but to the extent there is deemed any conflict, it has been overruled by the cited cases.
The final decree appealed from is hereby reversed with directions for further proceedings in the court below not inconsistent with the views herein expressed.
SHANNON, Acting C.J., and HOBSON, J., concur.