**Walker Estate**

*Peacock, Keller, Yohe & Day,* for accountants.
SIMMONS, J., September 20, 1973.—Samuel G.

Walker died on August 18, 1910. Some 63 years, three sets of personal representatives and nine accounts later, the principal asset of the estate, the Home Farm, has been sold after a Revised Price Act proceeding in this court, and the distribution of some $37,420.38 of net proceeds and a maintenance bond of $5,000 is to be made.

By his will, Walker left the homestead to his children for life and thereafter directed its sale and distribution of the proceeds to his grandchildren then living. The two surviving life tenants, and the four surviving grandchildren have agreed to a present distribution, subject to approval of the court and a finding that the life tenants are incapable of further childbearing, so that the class of grandchildren is not capable of being enlarged.

At common law, a woman was presumed capable of childbearing until the time of her death, regardless of age: List v. Rodney, 83 Pa. 483 (1877). However, since Wright's Estate, 284 Pa. 334, in 1925, Pennsylvania has gradually acknowledged that the "rule of the fertile octogenarian" is dead.

In 1946, Lare's Estate, 57 D. & C. 163, the court allowed the merger of interests of one who was a life tenant and sole residuary legatee upon showing she was 70, childless and incapable of bearing children. The next year, 1947, the court in Leonard's Estate, 60 D. & C. 42, reached the same result for a 57-year-old woman on the same reasoning.

That same year, in Barnsley's Estate, 59 D. & C. 653, the court followed suit under the same facts for a 58-year-old woman, satisfying itself she had passed her menopause.

In 1949, the court in Holmes Estate, 66 D. & C. 612, found a woman of "advanced years" unlikely to bear further issue and terminated a trust.

In 1952, the court in Kelby Estate, 80 D. & C. 1 (Phila.), applied the rule to a man of 64, thrice married, without issue and impotent for eight years. The court required a physical examination and on a medical report to the court, found failure of potential issue and terminated a trust. In that case, the court cited a study of United States Government statistics showing that between 1923 and 1932, of 20,389,873 births recorded, *not one* was to a woman over 55 years of age.

In Case Estate, 84 D. & C. 123 (Bucks, 1952), the court terminated a trust for lack of procreative potential where the woman was 56 and had experienced menopause 10 years earlier. Two physicians examined and certified her condition as being incapable of childbirth.

It seems fair to observe that the older the woman and the more obvious the supporting evidence, the less examination and proof the court required.

In the case at bar, Mrs. Hendry is 76 years of age, unmarried and her only son is 50. Mrs. Lynn is 70 and childless. Each was examined by a board-certified obstetrician-gynecologist who concluded each was "not capable of further childbearing"; medical certificates were provided with the audit petition.

It should be noted here that the matter involved does not affect title to real estate, but only distribution of a fund. As far back as Appeal of James E. Gowen, Trustee, 106 Pa. 288 (1884), the court made an exception to the common-law presumption of fertility where only the distribution of a fund and not title to realty was involved, stating that the principles of equity instead were controlling.

In view of these precedents, with which this court concurs, we feel justified in finding and we do find, that Lorena W. Hendry and Mary W. Lynn are the only

surviving children of decedent, that each of them is incapable of bearing further children, and that, consequently, the class of decedent's grandchildren is closed. Accordingly, we make the following order and decree.

And now, September 20, 1973, the administratrix, d.b.n.c.t.a., is authorized to make distribution of the proceeds of the sale of the "Home Farm" according to the agreement among the life tenants and remaindermen, and of the maintenance bond, according to the suggested distribution set out in her audit petitions.